Commonwealth, Appellant, v. Souder.

Argued October 6, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT and ERVIN, JJ. (HIRT and WOODSIDE, JJ., absent).

*Harry A. Estep,* Assistant Deputy Attorney General, with him *Charles D. Coll,* Special Deputy Attorney General and *Frank F. Truscott,* Attorney General, for appellant.

*James P. McArdle,* for appellees.

OPINION BY ERVIN, J., November 9, 1954:

The appellees were indicted for mutilation of corporate records, embezzlement by officers of a corporation, fraudulent conversion of money of a corporation and conspiracy to cheat and defraud a corporation of certain funds. It was charged in the indictments that the funds which were misapplied belonged to the McKees Rocks Firemen's Relief Association, also known as the McKees Rocks Firemen's Protective Association, a nonprofit corporation, the funds being those annually received from the State Treasurer under the provisions of the Act of 1929, P. L. 709, and its amendments (which provides for payment of the tax received from

foreign fire insurance companies doing business within the municipalities of the State to the treasurers of the several municipalities to be paid by them to the relief fund association or the beneficial fund covering the employes of the municipal fire department). After the defense rested and the testimony was closed, counsel for the Commonwealth moved to amend all the indictments by striking from them respectively the words "a nonprofit corporation" and substituting the words "a nonprofit unincorporated association." The amendments were allowed over the objection of counsel for appellees, who claimed as a reason for the objection that the main defense of the appellees was that they were not officers of a first class corporation. A plea of surprise was entered and a motion for the withdrawal of a juror was refused. The court directed verdicts of not guilty on the charge of mutilation of records. The jury found the appellees not guilty of embezzlement by officers and guilty of the charges of conspiracy and fraudulent conversion. Motions in arrest of judgment and for new trial were filed. Judgment was arrested and the appellees were discharged. This Court, in *Comth. v. Souder*, 172 Pa. Superior Ct. 463, 94 A. 2d 136, reversed the lower court and reinstated the verdicts. The Supreme Court allowed an allocatur and affirmed the Superior Court in reinstating the verdicts and remanded the record to the lower court for disposition of the motion for new trial. The lower court granted a new trial and the Commonwealth appealed.

It is argued that the lower court erred in granting a new trial for a reason not assigned in the motion for the same. At the oral argument in the court below the appellees for the first time raised the question that the court erred in permitting the above mentioned amendments of the indictments. It is argued that the

lower court was powerless to consider this additional reason, it not having been assigned in the motion for a new trial. It is within the discretion of the court to grant a new trial even though no motion for a new trial has ever been made. *Comth. v. Gabor,* 209 Pa. 201, 58 A. 278; *Comth. v. Endrukat,* 231 Pa. 529, 80 A. 1049; *Comth. v. Jones,* 303 Pa. 551, 154 A. 480; *Comth. ex rel. Wallace v. Burke,* 169 Pa. Superior Ct. 633, 84 A. 2d 254. In the case last above mentioned, at pages 635, 636, we said: "We are unable to find any merit in his complaints. As stated in Com. v. Gabor, 209 Pa. 201, 204, 58 A. 278, 279: 'The right of a court to order a new trial of its own motion is indisputable. It is one of the essential functions of a judge sitting with a jury.' This rule is equally applicable to criminal and civil cases. See Com. v. Jones, 303 Pa. 551, 154 A. 480; Brown v. George, 344 Pa. 399, 25 A. 2d 691; Tate v. Metropolitan Life Insurance Co., 149 Pa. Superior Ct. 558, 27 A. 2d 283." If the court may grant a new trial of its own motion, it certainly may do so for reasons other than those specifically set forth in the motion for a new trial.

It is next argued by the Commonwealth that the lower court did not err in permitting the amendment of the indictments. With this we are in accord. Where, however, an amendment causes genuine surprise the case should be continued to afford an opportunity to adequately prepare a new defense. *Comth. v. Streets,* 113 Pa. Superior Ct. 65, 172 A. 31. The defense in this case was largely based upon the fact that appellees were charged with having committed offenses against a corporation whereas they knew the organization was an unincorporated association. The lower court in its opinion stated: "After the allowance of amendments to the indictments as aforesaid, and the refusal of the motion to withdraw a juror on the plea

of surprise, there is nothing in the record to show that the Court offered the opportunity to defendants' counsel to open the defense and call either additional witnesses or the defendants. On the contrary he was told to go to the jury with his closing address."

The Commonwealth also argues that a new trial should not be granted where the appellees made a wrong guess as to the sufficiency of the evidence. The granting or refusing of a new trial is largely within the discretion of the trial judge. *Howser v. Comth.*, 51 Pa. 332; *McManus v. Comth.*, 91 Pa. 57; *Gray v. Comth.*, 101 Pa. 380; *Comth. v. Crow.*, 303 Pa. 91, 154 A. 283; *Comth. v. Powell*, 303 Pa. 104, 154 A. 287; *Comth. v. Jones*, 303 Pa. 551, 154 A. 480; *Comth. v. Popp*, 87 Pa. Superior Ct. 193; *Comth. v. Samson*, 130 Pa. Superior Ct. 65, 196 A. 564; *Comth. v. Bowles*, 163 Pa. Superior Ct. 123, 60 A. 2d 362.

The lower court stated that it was its opinion that "fairness and justice requires that these defendants be given an opportunity to take the witness stand and tell the circumstances under which they received their respective shares of this annual revolving fund and what they did with it." In a charge of fraudulent conversion the test is "not whether defendant had the right to withhold this money but whether in good faith he believed he had such right." *Comth. v. Wiener*, 340 Pa. 369, 17 A. 2d 357. The lower court undoubtedly felt that in directing appellees to go to the jury and in not granting a continuance on the ground of surprise, it had upset the defense and that in fairness they should be given another opportunity to take the stand for the above mentioned reasons. In our judgment this did not constitute an abuse of discretion.

The appellees also argued that the Commonwealth's appeal should be quashed for the additional reason that a question of fact was involved in the granting of

528

the new trial. We deem it unnecessary to consider this argument in view of our disposition of the appeal on the merits.

The order of the lower court is affirmed.