Commonwealth *v.* Brown, Appellant.

68

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Carl B. Stoner, Jr.*, for appellant.

*Marion E. MacIntyre* and *Rolf W. Bienk,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:

Appellant, Joe Brown, was convicted by a Dauphin County jury of conspiracy to violate the narcotic laws of the Commonwealth pertaining to the sale of heroin. He appeals from the order of the court below denying a new trial and his motions to quash the indictment and for a continuance, contending that the indictment was fatally defective and not capable of being amended. The motions were made after the jury was sworn and impaneled, but before the start of testimony.

Appellant argues that the indictment was defective because it did not contain the name of any co-conspirators.[1] He further argues that this defect is substantive

---

[1] The indictment charging Joe Brown stated: "Did falsely and maliciously conspire and agree between and among themselves to

in nature, necessitating the quashing of the indictment and resubmission of the case to the grand jury. We do not agree.

It is well settled that a defect of substance in an indictment cannot be amended and the indictment must be quashed. *Commonwealth v. Lawton,* 170 Pa. Superior Ct. 9, 84 A. 2d 384 (1951). However, if the defect is one of form it can be amended. *Pennsylvania Rules of Criminal Procedure, Rule 220.*[2] *Rule 220* permits an amendment to an indictment if the amendment does not charge an additional or different offense.[3] The amendment in this case, permitting the insertion of the co-conspirator's name, did not in any sense charge an additional or different offense. Thus, in the instant case, the omission of a co-conspirator in an indictment charg-

---

cheat and defraud or do a dishonest, malicious or unlawful act to the prejudice of person or persons unknown."

[2] *Rule 220* provides: "The court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense. Upon amendment the court may grant such a postponement of trial or other relief as is necessary in the interests of justice." See also *Commonwealth v. Green,* 205 Pa. Superior Ct. 539, 211 A. 2d 5 (1965).

[3] Conspiracy is defined as the actions of "[a]ny two or more persons who falsely and maliciously conspire and agree to cheat and defraud any person of his moneys, goods, chattels, or other property, or do any other dishonest, malicious, or unlawful act to the prejudice of another, are guilty of conspiracy, a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or to undergo imprisonment, by separate or solitary confinement at labor or simple imprisonment, not exceeding two (2) years, or both." Act of 1939, June 24, P. L. 872, §302, 18 P.S. §4302. It is not necessary for an indictment for conspiracy to be brought against all the conspirators and it is not necessary that all the parties to a conspiracy be named, so long as it appears that two or more persons conspired to commit the offense charged. *Commonwealth v. Lawrence,* 47 Dauph. 376 (1939).

ing conspiracy is a defect in form and may be properly corrected by amendment.

The test for a sufficient indictment is whether the defendant is notified of the charge he is to meet. *Commonwealth v. Petrillo*, 338 Pa. 65, 12 A. 2d 317 (1940). See *Commonwealth v. Campbell*, 116 Pa. Superior Ct. 180, 176 A. 246 (1935); *Commonwealth v. Fahey*, 113 Pa. Superior Ct. 598, 173 A. 854 (1934). While it is true that the indictment does not name the other person with whom Joe Brown conspired, as the lower court noted, "it is . . . obvious from the indictment that other persons were involved." Furthermore, the complaint, a copy of which was given to the defendant at the time of the preliminary arraignment, and from which the indictment was drawn, does contain the name of the co-conspirator. Clearly the appellant was put on notice as to the nature of the charge against him, and was in no way prejudiced by the amendment.

Because of our finding that the defect in the indictment could be amended, the motion to quash was waived by waiting to make the motion after the jury had been sworn and impaneled. The Act of March 31, 1860, P. L. 427, §11 (19 P.S. §431) requires that objections to the indictments for formal defects shall be taken before the jury is sworn and not thereafter.[4] In *Commonwealth v. Hicks*, 209 Pa. Superior Ct. 1, 223 A. 2d 873 (1966), no objection was made to the indictment until the defendant went to trial and the Court held that by so

---

[4] 19 P.S. §431 provides in pertinent part that: "Every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterward . . . ." See also, *Rule 305* of the *Rules of Criminal Procedure*, which provides that "no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application . . . ."

doing defendant waived the right to question any insufficiencies in the indictment.

We find no merit in appellant's argument that the lower court erred in denying his motion for a continuance after the indictment was amended. The appellant's request for a continuance was a matter within the discretion of the lower court, *Commonwealth v. DiPasquale*, 431 Pa. 536, 246 A. 2d 430 (1968) ; there was no abuse in refusing the motion since appellant was aware for several months prior to trial through the complaint of the name of the co-conspirator.

The judgment of sentence of the lower court is affirmed.