533 A.2d 453

**COMMONWEALTH of Pennsylvania**

v.

**Frank A. DeSUMMA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 5, 1987.

Filed Nov. 10, 1987.

Patrick J. Duffy, Philadelphia, for appellant.

Alan M. Rubenstein, District Attorney, Doylestown, for Com., appellee.

Before BROSKY, WIEAND and BECK, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence imposed after appellant's jury conviction of simple assault.

Appellant's complaint to this Court is that the trial court erred in permitting the Commonwealth to make a substantive amendment to the information by changing the name of the victim prior to the commencement of trial where such an amendment violates Pa.R.Crim.P. 229 by working an irreparable prejudice to appellant's right to a fundamentally fair trial. Finding this argument lacking in foundation, we

affirm. Although we look to the well-reasoned opinion of the trial court, we wish to further elaborate on its analysis.

Evidence adduced at trial revealed that appellant knew from the time of the preliminary hearing, at which he was present, that four passengers were in the car in addition to the original victim-driver (N.T. 35). Moreover, the evidence demonstrated that appellant conceded that the original victim, Mr. O'Hara, testified at the preliminary hearing that appellant pointed the gun at the car (N.T. 135). Yet, appellant urges us to create a *per se* rule of prejudice, without asserting specific reasons therefor, because allowance of an amendment which charges no additional or different offense materially altering the elements or defenses to the original crime but which merely seeks to add the names of victims is requested and granted just before trial. This we decline to do.

In *Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1985), relied upon by the trial court, this court held that the defendant was not surprised by the amendment because neither the factual scenario nor the nature of the charges had been altered thereby, thus obviating any prejudice to him.

Neither may appellant here claim surprise. The nature of the instant amendment worked no change in the factual scenario nor in the description of the charges. Hence, the amendment here did not charge an additional or different offense which would necessarily implicate a last-minute alteration in defense strategy. *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979), *aff'd*, 498 Pa. 326, 446 A.2d 583 (1982). *Accord Commonwealth v. Tillia*, 359 Pa.Super. 302, 518 A.2d 1246 (1986). It merely added the names of victims of whose existence and role in the criminal scenario appellant was cognizant since the preliminary hearing. *Commonwealth v. Johnson, supra.* In our view, *Commonwealth v. Johnson, supra*, is squarely apposite to the matter now before us.

The case *sub judice* is unlike *Commonwealth v. Thomas*, 278 Pa.Super. 39, 419 A.2d 1344 (1980), where substitution

of a named co-conspirator for another one later implicated was held prejudicial because the amendment alleged a different set of events. There, the complaint alleged defendant to have conspired with Hart on the basis of an initial photo array from which the victim chose Hart's photo. Hart was found not to be implicated, whereupon the victim was shown another array and identified Kocher as the co-conspirator. At the preliminary hearing, the Commonwealth sought to amend the complaint by substituting the name of Kocher for that of Hart. This was considered to be a substantive defect calling for discharge under former Rule 150 distinguishing between substantive and informal defects. In so holding, our court distinguished *Thomas* from *Commonwealth v. Brown,* 229 Pa.Super. 67, 323 A.2d 845 (1974), on the basis that the former charged conspiracy with a specifically named co-conspirator, implicating a unique factual situation and defense strategy, which the amendment, if allowed, would have altered. In *Brown,* on the other hand, the name of the co-conspirator was omitted from the indictment, yet the defendant knew of his identity several months before trial. Accordingly, this court held that no prejudice resulted from allowance of the amendment.

In any event, if appellant believed that the Commonwealth's requested amendment worked a genuine surprise and would prejudice his defense, his remedy at that time was to ask the trial court for a continuance to enable him to adequately prepare his defense. Pa.R.Crim.P. 301. *See Commonwealth v. Souder,* 176 Pa.Super. 523, 108 A.2d 831 (1954). *But compare Commonwealth v. Brown, supra* (no abuse of discretion to refuse motion for continuance because of amendment of indictment to add name of co-conspirator where appellant was aware several months before trial of the name of the co-conspirator).

Judgment of sentence affirmed.

WIEAND, J., filed a dissenting opinion.

638

WIEAND, Judge, dissenting:

The issue in this case, more fully stated, is whether the Commonwealth, after the victim of an alleged assault by physical menace has failed to appear for trial and cannot be produced, may amend the information to allege an assault committed by physical menace against other and different victims whose attendance at trial can be compelled. The trial court allowed such an amendment; and, thereafter, a jury found the defendant guilty on the amended charge. On direct appeal, the defendant argues that it was error to allow an amendment to the information at trial which alleged a new and additional offense. The majority disagrees and affirms the judgment of sentence. I dissent. I would reverse the judgment of sentence and discharge the defendant.

On June 13, 1985, Frank DeSumma was driving his vehicle on Route 13 in Tullytown, Bucks County, when a vehicle operated by Frank O'Hara pulled out directly in front of him. DeSumma was angered by O'Hara's thoughtless conduct and, after pulling his vehicle alongside of the O'Hara vehicle, shouted obscenities at him. O'Hara shouted back. DeSumma then produced a handgun, which, depending upon the version of the incident believed, he either "displayed" or "pointed" at O'Hara. Sgt. John Ryn, who was summoned, spoke with O'Hara and removed the gun from DeSumma.[1] Ryn thereafter filed a criminal complaint in which he accused DeSumma of recklessly endangering another person[2] and assaulting O'Hara by attempting "by physical menace to put [O'Hara] in fear of imminent serious bodily injury."[3]

Following a preliminary hearing, the district justice found that the Commonwealth had established a prima facie case and returned the case to court. There, the District Attorney prepared and issued an information charging DeSumma

1. DeSumma was licensed to carry the firearm.
2. 18 Pa.C.S. § 2705.
3. 18 Pa.C.S. § 2701(a)(3).

with recklessly endangering another person and committing a simple assault against Frank O'Hara.

On the day of trial, O'Hara could not be found. However, there had been four passengers in the O'Hara vehicle at the time of the alleged offense, and the Commonwealth was able to compel the attendance of one of them, Michelle Sharper. Immediately prior to the commencement of trial, the Commonwealth requested leave of court to amend the information to add as victims the passengers in the O'Hara vehicle. The trial court, over defense objection, allowed the amendment. At trial, the only eyewitness called by the Commonwealth was Michelle Sharper, who testified that DeSumma had pointed the gun in the direction of the O'Hara vehicle. DeSumma, testifying on his own behalf, admitted that he had "shown" a gun but denied that he had pointed it at anyone or had intended to put anyone in fear of serious bodily injury. The jury found DeSumma not guilty of recklessly endangering another person but guilty of simple assault. Post-trial motions were denied, and a sentence of probation was imposed.

Pa.R.Crim.P. 229 permits an information to be amended in limited circumstances. It provides:

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

The safeguards of Rule 229 are intended to give a defendant adequate notice and time to prepare without risk of last-minute additions to the charge which materially alter potential defenses thereto. *Commonwealth v. Johnson*, 336 Pa.Super. 1, 13, 485 A.2d 397, 403 (1985). Similarly, in *Commonwealth v. Tillia*, 359 Pa.Super. 302, 307, 518 A.2d 1246, 1248–1249 (1986), this Court said:

In *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979), [*aff'd,* 498 Pa. 326, 446 A.2d 583 (1982),] this Court articulated the following guidelines for assessing the propriety of permitting such an amendment:

> (T)he courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Stanley*, 265 Pa.Super. at 212–213, 401 A.2d at 1175 (footnotes omitted). The purpose of Rule 229 is to insure that a defendant is notified of the charges against him, and to avoid prejudice by prohibiting last minute additions of which the defendant is uninformed. *Stanley*, 265 Pa.Super. at 212, 401 A.2d at 1175.

See also: *Commonwealth v. Hulehan*, 338 Pa.Super. 309, 316–317, 487 A.2d 980, 983–984 (1985); *Commonwealth v. Thomas*, 278 Pa.Super. 39, 47–48, 419 A.2d 1344, 1349 (1980).

In the instant case, the charges against appellant were changed substantially when he appeared for trial. Instead of being charged with an attempt by menace to put in fear of bodily injury the driver with whom he had exchanged words because of the latter's thoughtless driving, he found himself charged with assaulting the passengers in the other vehicle. He arrived for trial anticipating that he would be required to defend against a charge that he had pointed a loaded gun at O'Hara with the intent of putting O'Hara in fear of imminent bodily injury. At trial, however, he found that he was required to defend against an accusation that

he had intended to put in fear of bodily injury the passengers in the other vehicle with whom he had not exchanged words and with whom he had had no quarrel. Until the time when trial started, there had not been either accusation or testimony that appellant had intended to menace anyone but the driver with whom he had quarreled. The last-minute amendment of the information under these circumstances was prejudicial. It added an additional and different offense. See and compare: *Commonwealth v. Thomas, supra* (outright substitution of a named co-conspirator in a complaint held to constitute a different set of events and was prejudicial to defense, amendment should not have been permitted).

In *Commonwealth v. Johnson, supra,* the defendant had been charged with murder, robbery, and conspiracy in connection with a robbery which had occurred in Philadelphia. Killed in the robbery had been Bruce Porter. Porter was also named as the victim of the robbery in the information. When it was discovered that the name of David Colefield, who had also been robbed, was not in the information, the Commonwealth was permitted to add his name by amendment as a victim of the robbery and conspiracy. On appeal following conviction, Johnson argued that the allowance of the amendment had been error. A panel of this Court concluded that there had been no prejudice. Johnson had been aware of the episode and knew that the Commonwealth's evidence showed that Colefield had been present and had been threatened and searched. Because Johnson was not surprised by the amendment and because neither the factual scenario nor the nature of the charges had been altered thereby, the Court concluded, his defense had not been altered, and he had not been prejudiced. The correctness of allowing an amendment which charges the defendant with a second robbery is not now before us. Even if we assume that *Johnson* was correctly decided, it is nevertheless distinguishable from the instant case. In *Johnson,* the defendant had been aware that the incident for which he was being tried involved the robbery of a second victim. In the instant case, appellant had been charged with assaulting

another driver with whom he had had a confrontation. There was no reason for him to believe that he had committed an assault or would be charged with committing an assault against the passengers in the other car, with whom there had been no confrontation and with respect to whom there had been neither reason nor motive to attempt by physical menace to put them in fear of serious bodily injury. Clearly, the Commonwealth's amendment in the instant case sought to add an additional and different offense. It was requested only after the Commonwealth had learned that it would be unable to prove the offense with which appellant had originally been charged. The amendment was effected suddenly and without prior warning at the time of trial and required appellant to defend against an alleged offense which had not been charged previously. This, in my judgment, was improper, unfair, and prejudicial.

I would reverse the judgment of sentence and discharge the defendant.