559 A.2d 521

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank DeSUMMA, Appellant.**

Supreme Court of Pennsylvania.

Argued April 11, 1989.

Decided May 31, 1989.

Patrick J. Duffy, West Chester, Leonard N. Sosnov, Philadelphia (for Amicus, Defender Assoc. of Philadelphia), for appellant.

Joseph Scafidi, Asst. Dist. Atty., Stephen B. Harris, Warrington, for appellee.

Before LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

OPINION OF THE COURT

FLAHERTY, Justice.

This appeal requires us to interpret Pa.R.Crim.P. 229 in reviewing the propriety of amending a criminal complaint at trial to include victims of assault who were not named in the original complaint. The trial court allowed the amendment on the ground that appellant was not surprised or prejudiced by the addition of new victims, and appellant was convicted. We reverse, due to violation of Rule 229.

The appellant, Frank DeSumma, was offended one evening by the inconsiderate driving of Frank O'Hara, who cut him off in traffic. Appellant exchanged angry words with O'Hara, then displayed a handgun, menacing O'Hara and his four passengers, while the two vehicles were proceeding side-by-side on the highway. After both drivers pulled off the highway, a police officer arrived and took statements of the parties. Appellant voluntarily surrendered his loaded handgun, which he was licensed to carry, and was then arrested and charged with simple assault upon O'Hara and recklessly endangering O'Hara, in violation of 18 Pa.C.S. §§ 2701(a)(3) and 2705. Appellant was not charged with assaulting or endangering the four passengers, though their names were available in the police report.

At appellant's preliminary hearing, only O'Hara and the arresting officer testified against appellant. None of the

passengers appeared at the hearing. The Commonwealth established a prima facie case through O'Hara's testimony that appellant pointed a gun at him while both were driving their cars, and by the officer reading his report into the record, including the portion identifying the four passengers.

Before appellant's trial, however, O'Hara disappeared and could not be subpoenaed to testify for the Commonwealth. One of the passengers, Michelle Sharper, was available and was summoned to testify. Due to O'Hara's absence, the Commonwealth moved to amend the information to add the names of the four passengers, requesting that the first count charge appellant with assaulting O'Hara *and* four named passengers and the second count charge appellant with recklessly endangering O'Hara *and* four named passengers. Because the four passengers had been identified by name at the preliminary hearing, the trial court granted the motion, reasoning that appellant could not claim surprise and that the amendment did not prejudice him in any way. The court categorically refused, however, to add counts naming individual passengers in the additional counts. Over appellant's objection, he was tried on the amended two-count complaint, wherein each count named five victims instead of one.

Following a jury trial, appellant was convicted of simple assault; he was acquitted of recklessly endangering another person. Superior Court affirmed his judgment of sentence, following the rationale of the trial court. Judge Wieand, in dissent, expressed the opinion that the amendment did not comply with Pa.R.Crim.P. 229, which prohibits amendments charging additional or different offenses. Relying on cases such as *Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1985), and *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979), *aff'd* 498 Pa. 326, 446 A.2d 583 (1982), the dissent maintained that the purpose of Rule 229 is to give a defendant adequate notice and time to prepare for trial without risk of last-minute additions to the charge which materially alter potential

defenses. Judge Wieand concluded that the amendment was prejudicial because it added an additional and different offense:

> He arrived for trial anticipating that he would be required to defend against a charge that he had pointed a loaded gun at O'Hara with the intent of putting O'Hara in fear of imminent bodily injury. At trial, however, he found that he was required to defend against an accusation that he had intended to put in fear of bodily injury the passengers in the other vehicle with whom he had not exchanged words and with whom he had no quarrel. Until the time when trial started, there had not been either accusation or testimony that appellant had intended to menace anyone but the driver with whom he had quarreled.

*Commonwealth v. DeSumma,* 367 Pa.Super. 634, 640–41, 533 A.2d 453, 456 (1987) (dissenting opinion).

Pa.R.Crim.P. 229 provides:

**RULE 229. AMENDMENT OF INFORMATION**

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, *provided the information as amended does not charge an additional or different offense.* Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

(Emphasis added.) This rule, taken in conjunction with the holding of *Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984), bars the amendment which was permitted in this case.

In *Frisbie,* this Court overruled the notion that "[w]here there is but one act of cause of injury, or death of a number of persons, there is but one injury to the Commonwealth"; we therefore held it permissible for a court "to impose multiple sentences on a defendant for a single act." *Id.,* 506 Pa. at 465, 485 A.2d at 1099. Thus Frisbie was charged with nine separate counts of recklessly endangering anoth-

er person due to a single reckless act which endangered nine people, garnering him nine separate consecutive sentences for the nine offenses. We stated that "in resolving the issue of whether a single act which injures multiple victims can be the basis for multiple sentences, our task is to simply determine whether the legislature intended that each injury constitute a separate offense." *Id.*, 506 Pa. at 466, 485 A.2d at 1100.

In construing 18 Pa.C.S. § 2705, recklessly endangering another person, the *Frisbie* court concluded that the offense was defined "with respect to *an individual person* being placed in danger of death or serious bodily injury, and that *a separate offense is committed for each individual person placed in such danger." Id.* (Emphasis supplied.) Similarly, in *Commonwealth v. Williams,* 514 Pa. 124, 130, 522 A.2d 1095, 1098 (1987), we held that an attempt to murder three people by a single act of arson would constitute three separate offenses of attempted murder, for criminal homicide is defined as causing "the death of *another human being."* (Emphasis added.) The same is true of simple assault, prohibited by 18 Pa.C.S. § 2701(a)(3), which states that a person commits assault if he "attempts by physical menace to put *another* in fear of imminent serious bodily injury." (Emphasis added.) With respect to crimes defined in such language, the number of offenses depends on the number of victims rather than on the number of acts committed by a defendant.

Applying this interpretation to the case of appellant, it is clear that a charge of attempting to put O'Hara in fear of bodily injury is a different offense than a charge of attempting to put O'Hara, Michelle Sharper, and three other passengers in fear of bodily injury. The latter, in fact, constitutes five separate offenses against the peace and dignity of the Commonwealth. It is therefore clear that the amendment of appellant's information at trial from an assault upon O'Hara to an assault upon five people was impermissible under Rule 229 which prohibits an amendment from charging "an additional or different offense."

■ The prejudice engendered by the eleventh-hour amendment is obvious. It was implicit in the quoted portion of Judge Wieand's dissenting opinion, supra, in that at least two defenses—justification under 18 Pa.C.S. § 503 or consent under 18 Pa.C.S. § 311—might have been raised with respect to O'Hara but not with respect to the remaining passengers. Other potential defenses may have been vitiated as well by the amendment.

Accordingly, the order of the Superior Court is reversed, and appellant is discharged.

NIX, C.J., did not participate in the consideration or decision of this case.

PAPADAKOS, J., files a dissenting opinion in which McDERMOTT, J., joins.

PAPADAKOS, Justice, dissenting.

I dissent from the Majority Opinion because I believe that *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984), should not be read into Pa.R.Crim.P. 229 on these facts.

*Frisbie* allows for *separate* offenses (and sentences) to be rendered against a criminal actor who injures multiple victims with a single act in certain crimes. The specific issue in *Frisbie* was "whether the legislature intended that each injury constitute a *separate* offense." The decision there held that, as to the crime of recklessly endangering another person, "a *separate* offense is committed for each individual person placed in danger." 485 A.2d at 1100 (emphasis added in each quotation). The Majority rightly indicates that similar results would obtain for the crimes of arson and assault and concludes from this analysis that "the number of offenses depends on the number of victims rather than on the number of acts committed by the defendant."

As to Rule 229, which controls amendments to information, there is a prohibition against charging "an additional or different offense." The Rule is clear on this point.

Hypothetically, therefore, the Commonwealth in the instant case could have charged the Appellant with five counts each of the offenses. *Frisbie* would have validated that procedure. Also, hypothetically, if the Commonwealth, in its amendment, had added an offense or charged a different offense, Rule 229 would have been offended.

That, however, is not what happened here. The Commonwealth did not add any separate offenses in its amendment. Appellant remained charged with one count each of recklessly endangering another person and assault throughout the entire judicial process. That the Commonwealth earlier could have increased the counts of each crime to coincide with the number of victims is clear under *Frisbie*. For whatever reason, that course was not chosen by the prosecution.

Nor did the Commonwealth add any different offense in its amendment. Appellant remained charged with the same offenses, and I fail to see how Rule 229 applies to this specific point.

The Majority's fatal confusion lies in its incorrect assumption that by listing the names of the other victims in the car, the Commonwealth automatically was putting on additional charges as defined by *Frisbie* and in violation of Rule 229. That assessment is wrong.

The correct focus should follow the Superior Court's argument that, at least under its own cases, the amendment worked an irreparable prejudice by forcing the Appellant to prepare a defense without adequate notice or sufficient time. That is the only issue in this case, and it is noteworthy that *Frisbie*, decided three years earlier, played no role in the decisions or dissent of the courts below.

As to the issue of prejudice, nevertheless, I conclude that Appellant's defense remained unaltered by the amendments. Prior to the amendments, at the preliminary hearing, he was fully informed of the fact that there were other frightened passengers in the car. He knew at that point that he had committed the crimes against some person or persons. The Commonwealth's failure to charge him with

separate offenses for each party is not germane. At trial he remained charged with one offense each underlying both the original and amended information. The elements of the offenses and the cognate factual situation were identical before and after. A careful reading of the Superior Court's majority opinion would support this conclusion.

Nothing in this case persuades me that either the trial court or the Superior Court were incorrect in affirming the judgment of sentence.

McDERMOTT, J., joins this dissenting opinion.