585 A.2d 1057

**COMMONWEALTH of Pennsylvania**

v.

**Melvin MOSLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 30, 1990.

Filed Jan. 25, 1991.

W. Russell Carmichael, Media, for appellant.

Joseph J. Mittleman, Asst. Dist. Atty., Media, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY, WIEAND, OLSZEWSKI, MONTEMURO, POPOVICH, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

JOHNSON, Judge:

Appellant Melvin Mosley appeals following his conviction for Aggravated Assault, Recklessly Endangering Another Person and Possessing Instruments of Crime. We are asked to decide whether the trial court erred when it allowed the Commonwealth to amend the information under Pa.R.Crim.P. 229 to add the names of co-defendant rival gang members as victims. Before this panel also are the companion cases of co-defendants Morris Edmonds, at 1422 & 1423 Philadelphia 1989, Shawn Wootson, at 1351 & 1352 Philadelphia 1989, and Walter Richardson, Jr., at 1534 Philadelphia 1990, which each raise the amendment issue. We conclude that the trial court properly allowed the amendments.

The charges arose out of a gang fight on the evening of August 16, 1988 in Chester, Pennsylvania that degenerated into a gun battle. As described by the trial court:

Following a basketball game at Memorial Park in Chester, [Pennsylvania] where young men from the East Side of Chester competed against young men from the West Side of Chester, the young men decided to hold a fight at "A Field," an athletic field in Chester City. What was apparently meant to be a contest consisting of one-on-one fist fights turned into a gun battle when Shawn Wootson

from the West Side pulled out a gun and began firing. Morris Edmonds, Melvin Mosley and Walter Richardson from the East Side also produced guns as did Nathaniel Burton from the West Side. An onlooker, Carla Carrington, was struck in the head by a bullet and died as she attempted to leave the scene.

Opinion, the Honorable Domenic D. Jerome, May 17, 1989 at 3–4.

The four co-defendants involved in these companion appeals and additional original defendants were charged by informations on August 31, 1988 with murder of the first and third degrees, voluntary and involuntary manslaughter, aggravated assault, recklessly endangering another person, conspiracy and several charges involving firearms. Carla Carrington was the only named victim. The aggravated assault count was inadvertently not held over following the preliminary hearing. N.T., October 31, 1988 at 14–15. On October 5, 1988 the Commonwealth filed a motion for special leave to amend the information to reinstate the aggravated assault charge and to name the co-defendants as victims additional to Carla Carrington. The motion was before the court on October 17th and October 28th, when all counsel were present for pre-trial matters. The motion was granted on October 31, 1988, prior to the hearing the same day on an unrelated suppression motion and the trial. All co-defendant counsel were present throughout the proceedings.

Following a bench trial, Mosley and his co-defendants were found guilty of aggravated assault, possession of an instrument of crime and recklessly endangering another person. Mosley was sentenced to nine to eighteen years' imprisonment. His motion to modify sentence resulted in a reduction to eight to sixteen years' imprisonment. This appeal follows.

On appeal Mosley argues that the trial court erred in allowing the amendment of the original information, which named only Carla Carrington as a victim, to add additional victims, namely the opposing gang members who were the

intended target of the bullets, one of which killed Carrington. Mosley relies exclusively on the recent Pennsylvania Supreme Court case of *Commonwealth v. DeSumma,* 522 Pa. 36, 559 A.2d 521 (1989). We granted en banc review to determine the applicability of *DeSumma* to this case and also the applicability of *In the Interest of Becker,* 370 Pa.Super. 487, 536 A.2d 1370 (1988), in which the fact pattern is similar to that in *DeSumma* on the point in issue. Both in *DeSumma* and in *Becker* the courts found prejudice in amending informations to add victims. Based upon the principles enunciated in *DeSumma* and *Becker,* we conclude that the amendment for the purpose of adding the names of the codefendants as victims in the present case worked no prejudice. We accordingly affirm.

Amendment of criminal informations is governed by Pa. R.Crim.P. 229, which provides:

> The court may allow an information to be amended when there is a defect in form, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

The purpose of Rule 229 is to insure that a defendant is notified of the charges against him, and to avoid prejudice by prohibiting last minute additions of which the defendant is uninformed. *Commonwealth v. Stanley,* 265 Pa.Super. 194, 212, 401 A.2d 1166, 1175 (1979); *aff'd* 498 Pa. 326, 446 A.2d 583 (1982); *Commonwealth v. Shirey,* 333 Pa.Super. 85, 113, 481 A.2d 1314, 1329 (1984). The safeguards of the rule are intended to give the defendant adequate preparation time for trial without risk of last-minute additions to the charges which materially alter his defense. *Commonwealth v. Johnson,* 336 Pa.Super. 1, 13, 485 A.2d 397, 403 (1984).

In assessing the propriety of permitting a Rule 229 amendment:

(T)he courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. *If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct.* If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Stanley*, 265 Pa.Super. at 212–213, 401 A.2d at 1175, *cited in Commonwealth v. Tillia*, 359 Pa.Super. 302, 307, 518 A.2d 1246, 1248–1249 (1986) (emphasis supplied).

■ The caselaw sets forth a broader test for propriety of amendments than the plain language of the rule suggests, *Cf. Tillia*, 359 Pa.Super. at 307–308, 518 A.2d at 1249; an amendment to an information must not deny a defendant due process, the relevant component of which is adequate notice:

Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must "set forth the alleged misconduct with particularity." ... Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding.

*In the Interest of Becker*, 370 Pa.Super. at 493, 536 A.2d at 1374, *citing In re Gault*, 387 U.S. 1, 33–34, 87 S.Ct. 1428, 1446–1447, 18 L.Ed.2d 527, 549–550 (1967). Therefore, our inquiry must focus on whether the defendants in the present case were denied due process when the Commonwealth added the codefendants' names to the information as additional victims.

In *DeSumma*, the defendant was charged with displaying a handgun and menacing the driver of a vehicle while both were proceeding along a highway in separate cars. DeSumma was originally charged with simple assault and reckless endangerment solely against the other driver, O'Hara, even though there were four passengers in O'Hara's car. At the preliminary hearing, only O'Hara and the arresting officer testified. However, before DeSumma's trial, O'Hara disappeared. Therefore, at trial, the Commonwealth requested and the court allowed amendment of the existing counts to add the four passengers as additional victims to the same two counts involving the original victim. We affirmed the conviction, with the Honorable Donald E. Wieand dissenting. Judge Wieand would have held that the amendment was prejudicial. *Commonwealth v. DeSumma*, 367 Pa.Super. 634, 533 A.2d 453 (1987). On appeal, The Supreme Court reversed, adopting Judge Wieand's rationale that DeSumma:

> arrived for trial anticipating that he would be required to defend against a charge that he had pointed a loaded gun at O'Hara with the intent of putting O'Hara in fear of imminent bodily injury. At trial, however, he found that he was required to defend against an accusation that he had intended to put in fear of bodily injury the passengers in the other vehicle with whom he had not exchanged words and with whom he had no quarrel. Until the time when trial started, there had not been either accusation or testimony that appellant had intended to menace anyone but the driver with whom he had quarreled.

*Commonwealth v. DeSumma*, 522 Pa. at 39, 559 A.2d at 522, *quoting Commonwealth v. DeSumma*, 367 Pa.Super. at 640–641, 533 A.2d at 456 (Wieand, J. dissenting). The Supreme Court held that this, actually a fresh accusation added at the eleventh hour, was clearly prejudicial because it deprived DeSumma of opportunity to prepare an adequate defense.

In contrast, in the present case, the precise facts upon which the amended informations are based were known from the time the charges were brought and were set forth at the preliminary hearing of September 14, 1988, at which all defendants were represented by counsel. Extensive testimony of five eyewitnesses established that the defendants, Mosley, Edmonds and Richardson from the East Side, and Wootson from the West Side, fired guns at each other. These facts were necessary to establish any of the charges, ranging from murder to recklessly endangering another person, including aggravated assault. The Commonwealth could not prove that the defendants committed aggravated assault upon Carrington, the deceased, without proving aggravated assault against the rival gang members. The rival gang members' involvement was a material and necessary component of the Commonwealth's case regardless of whether their names appeared on the original information.

The amendments merely added the names of those with whom the defendants actually had a quarrel, the quarrel that claimed the life of the unintended victim, Carla Carrington. Adding the intended victims' names to the informations served only to permit the Commonwealth to proceed on the facts as known even before the preliminary hearing, and as testified to by the various witnesses at that hearing in the presence of the defendants and their counsel.

Unlike *DeSumma*, the amendment in this case served to bring the primary parties directly into the proceeding. As the trial judge correctly observed, the nature of the amendment worked no changes in the factual scenario nor in the description of the charges. Neither did it work a change in the defense, as did the amendment in *DeSumma*, in which two defenses, justification or consent, might have been raised with respect to the intended victim, O'Hara, but not with respect to the added remaining passengers. *DeSumma*, 522 Pa. at 41, 559 A.2d at 523.

In *In the Interest of Becker*, 370 Pa.Super. 487, 536 A.2d 1370 (1988), Becker and another juvenile, R.H., were driving

separate vehicles to vocational school. Both vehicles traveled at 65–70 m.p.h., passing other vehicles on a road that was posted at 45 m.p.h. As the two vehicles approached an intersection marked by a red traffic signal, R.H.'s vehicle moved into the left lane, entered the intersection in violation of the traffic signal, and collided with a vehicle on the cross-street. The driver of the crossing vehicle was killed and her two children, passengers, were injured. Becker stopped at the red light and was not involved in the accident. In the juvenile petition Becker was charged with homicide by vehicle and recklessly endangering the deceased victim. At the close of the Commonwealth's evidence that Becker was involved in the incident underlying the charge of homicide by vehicle, Becker demurred, but the court denied the demurrer. Instead, the court allowed the Commonwealth to amend the juvenile petition to allege that Becker had recklessly endangered other motorists on the road. The court found that Becker committed the delinquent act of reckless endangering other motorists on the road.

Judge Wieand authored the Becker decision reversing the adjudication, applying a similar rationale as that in *DeSumma*. We held that the *Becker* amendment was impermissible under Rule 229 because it denied Becker due process:

> This amendment changed not only the identity of the person allegedly endangered but also the actus reus, i.e., the physical acts which placed other persons in danger. After the Commonwealth had amended the petition, appellant not only had to defend his conduct in the immediate vicinity of the intersection, but he was made accountable for his conduct during the previous mile to mile and a half on York Road.

*Becker*, 370 Pa.Super. at 495, 536 A.2d at 1374–1375.

In *Becker*, unlike in the present case, the amendment constituted a fundamental broadening of the charge; it added conduct occurring in a different place and time from the conduct underlying the original charge. Under the amendments in the present case, the defendants had to

defend the identical conduct in place and time, shooting guns at opposing gang members. The actus reus, the act constituting the physical menace, did not change, the brandishing and firing of firearms. The amendments added nothing new to which the defendants had to respond.

When we compare the timing of the request and the form in which the request was submitted, we find clear differences between *DeSumma* and *Becker,* and the case now before us.

In both *DeSumma* and *Becker,* the initial request for the attempted amendment to the criminal information occurred either immediately before, or during, the trial proceedings. In *DeSumma,* the Commonwealth sought leave to amend the information immediately prior to the commencement of trial. The trial court, over defense objection, allowed the amendment. This permitted Judge Wieand to find, in dissent on review, that "the charges against appellant were changed substantially when he appeared for trial." 367 Pa.Super. at 640, 533 A.2d at 456. Judge Wieand went on to conclude, "The last-minute amendment of the information under these circumstances was prejudicial." *Id.,* 367 Pa.Superior Ct. at 641, 533 A.2d at 456.

Similarly, the *Becker* case involved an amendment to a juvenile petition for delinquency, where the attempted amendment was not even sought until after the Commonwealth had presented its evidence on alleged delinquency. After the Commonwealth had rested, counsel for the minor demurred to the evidence. The demurrer was denied. It was only then that the Commonwealth moved to amend the petition and, over objection, the juvenile hearing court allowed the amendment. 370 Pa.Super. at 493, 536 A.2d at 1373.

The record in the case now before us establishes that this case is factually distinguishable. The criminal complaints against Mosley and his co-defendants were filed August 31, 1988, charging them with murder, aggravated assault and related offenses. At the conclusion of a preliminary hearing held September 14, 1988, each defendant was held for

court on the charges of homicide, aggravated assault, recklessly endangering, possessing an instrument of crime, and criminal conspiracy. All counsel agreed that a criminal transcript of the preliminary hearing need not be filed and that each defendant would be immediately arraigned. Three weeks later, on October 5, 1988, the Commonwealth filed its written Motion for Special Leave seeking the right to file Special Leave Informations against the defendants charging aggravated assault against the defendants themselves. When the written motion was filed and served on the defendants, the trial date had not been scheduled.

The trial court did not act on the motion immediately, other than to issue a rule returnable October 17, 1988 on which date arguments would be received on whether the motion should be granted. It is worth noting that defendant Mosley's Omnibus Pre–Trial Motions pursuant to Pa.R. Crim.P. 306, were not filed until two days after the filing of the Commonwealth's Motion for Special Leave. Mosley's Omnibus Pre–Trial Motions were filed October 7, 1988, with an identical return date of October 17, 1988 being set by the court.

From the certified docket entries, we further learn that a pre-trial conference was held on October 17, 1988. On that date, the trial court fixed October 31, 1988 as the time for receiving evidence on any pre-trial motions and for the commencement of trial. On October 31, 1988, prior to the hearing on the various suppression motions, the Honorable Domenic D. Jerome granted to the Commonwealth leave to amend the aggravated assault charges against each of the defendants. Notes of Testimony, October 31, 1988, pages 10–16. [Repr.Rec., *Commonwealth v. Richardson*, No. 1534 Philadelphia, 1990, pages A38–A34.]

Judge Jerome had presided at the preliminary hearing. N.T., *supra*, at 11. He presided at the hearing on the motion for leave to amend. He continued to preside throughout the three-day bench trial, after each of the defendants executed their jury waivers. In response to defense counsel's argument at the pre-trial motions hearing

that the introduction of the defendants as additional victims would "change the theory of the Commonwealth's case," Judge Jerome stated:

THE COURT: I don't think the theory is changed, Mr. Marcone. [Counsel for Nathaniel Burton, a co-defendant]. As I indicated at our last meeting, I think the evidence disclosed what it disclosed at the preliminary hearing. And it was clear to me, having conducted the preliminary hearing that such—granting such special leave for such informations would be based on the evidence presented on that occasion. So I really don't see where you're surprised or there's any new evidence in any way.

N.T., October 31, 1988, page 11. The only objection advanced by counsel for Mosley on the question of information amendment was as follows:

MR. CARMICHAEL: Briefly, Your Honor, Russell Carmichael for Melvin Mosley. I would object on the grounds that even though the evidence as presented at the preliminary hearing would seem to support the issuance of such an information as is before the Court, that defense counsel was not afforded an opportunity to cross examine with regard to those charges specifically. And in addition, I would join in Mr. Marcone's objection for the reasons he has stated.

*Id.*, page 13. None of the counsel requested or moved for a continuance following Judge Jerome's decision to permit the amendment. Judge Jerome was quite firm that a prima facie case for aggravated assault had been established at the September 14, 1988 preliminary hearing but that, through inadvertence, the court had not carried forward that count. The court viewed it as a bookkeeping matter. *Id.*, pages 14–15.

The expansion of the existing aggravated assault charges resulted in the defendants being then charged with aggravated assault upon one another in addition to aggravated assault upon Carla Carrington, the innocent bystander killed through the acts of the defendants. This amendment

does not involve either an additional or a different offense. Moreover, no postponement of trial or other relief was requested by any of the defendants following the trial court's decision to grant leave. Our examination of the entire trial transcript does not disclose any prejudice visited upon any of the defendants, including Mosley, arising from the amendment.

We expressly reject Mosley's characterization of the grant of relief to the Commonwealth as being "eleventh hour." Re–Submitted Brief of Appellant, pages 3, 9. As early as the date on which the gang fight occurred, August 16, 1988, Mosley knew that random gunfire, intended to injure or kill rival gang members, had mortally wounded a seventeen year old girl. He could not have attended the preliminary hearing on September 14, 1988 without being fully aware that the intended victims of the gun fight were the rival members of the East Side and West Side gangs. Both the Motion for Special Leave and the Rule granted thereon were served upon and known to Mosley and his counsel more than three weeks before any scheduled trial date. Counsel for Mosley participated in a pre-trial conference on October 17, 1988 as well as another conference on Friday, October 28, 1988. At both meetings the amendment was discussed between the court and counsel. N.T., October 31, 1988, pages 10–11. The trial court apprised counsel of its position regarding the amendment no later than Friday, October 28, 1988. *Id.*, pages 10–11.

Surprise is not a factor to be weighed on this appeal, nor is inadequate notice. Even without seeking to distinguish *DeSumma* and *Becker*, we would find that the principle contention on this appeal, the alleged violation of Rule 229 is totally without merit.

We find the present case to be more like *Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1985). In *Johnson*, the appellant was convicted of second degree (felony) murder, criminal conspiracy and robbery following his co-conspirator's shooting of one of several robbery victims. Prior to trial, one of the robbery victims, previously

unnamed, was added to the robbery charge and to a count naming individuals whom the appellant threatened with a shotgun. We concluded that this addition of intended victims was proper and that the defendant was not prejudiced; his defense was unaltered and he was fully informed prior to the amendments of the criminal episode underlying both the original and amended informations. *Johnson*, 336 Pa. Super. at 13, 485 A.2d at 403.

The amendment in the present case is of this nature; it simply added names of intended victims. Mosley was fully informed of the criminal episode underlying the participation of the additional defendants, and his defense was unaltered by the amendment. His defense was that he did not fire a gun, but even if he did, then it was not at anyone, and even if it was at someone, it was in self-defense. This defense applies regardless of whether the victim of the alleged aggravated assault was the unintended deceased or whether the victims included opposing gang members.

In both *DeSumma* and *Becker*, the Commonwealth was erroneously granted leave by the court to change the essential nature of the charges against the defendant due to a failure in the Commonwealth's case. In *DeSumma*, the intended victim disappeared, and in *Becker* the evidence established that Becker was not involved in the incident underlying the original charges. To amend an information to fit the Commonwealth's proof is a clear due process violation. In the present case, the information was amended only to add names of those with whom the defendants actually had a quarrel, to bring the primary parties directly into the proceeding. These were the facts as known even before the preliminary hearing, and, most important, these were the facts which the Commonwealth would have had to establish in order to prove any of the charges with regard to the innocent bystander.

Were we to consider the impact of *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984), as did the three-justice majority in *Commonwealth v. DeSumma*, the result would not change. The action of Judge Jerome in

granting leave to the Commonwealth to amend its information in this case only resulted in the names of the defendants being added to the *existing count* in the existing information. No additional counts were brought against Mosley, or any of the other defendants. Mosley remained charged with one count of aggravated assault throughout the entire judicial process. He was sentenced on the single count of aggravated assault. The holding in *Frisbie* might have permitted the Commonwealth to add additional counts in the case now before us, since gunshots directed against each separate gang member would, under *Frisbie,* support a separate count and offense. That simply did not happen here. We do not view this as the charging of "an additional or different offense" so as to run afoul of Rule 229.

Moreover, the *DeSumma* majority coupled its consideration of the holding in *Frisbie* with the clear need to establish prejudice. 522 Pa. at 41, 559 A.2d at 523. We believe that the correct focus, in applying Rule 229 to attempted amendments of criminal informations, must remain whether the amendment works an irreparable prejudice by forcing the accused to prepare or present a defense without adequate notice or sufficient time. *Cf.* Dissenting Opinion, Papadakos, J., *Commonwealth v. DeSumma,* 522 Pa. at 41–43, 559 A.2d at 523–524.

■ We conclude that the written motion seeking amendment which was provided to the defendants, or their counsel, more than three weeks before trial, when coupled with the two pre-trial conferences held October 17, 1988 and October 28, 1988, afforded ample notice to each of the defendants of the charges against which they were called upon to defend. We have found no prejudice nor have we been directed to any in the record. We find no due process violation and hence conclude that the amendment of the informations was proper.

■ In addition to the challenge to the amendments in the informations, Mosley also argues that the Commonwealth failed to sustain its burden to disprove self-defense

and that the evidence was insufficient to support the verdict. Our review of the record leads us to conclude that neither contention is of merit. First, after reviewing all evidence presented by both the defendants and the Commonwealth, we conclude that the trial court correctly determined that Mosley failed to establish the elements of justification of use of deadly force for self-protection. 18 Pa.C.S. § 505. *Commonwealth v. Aycock,* 323 Pa.Super. 62, 470 A.2d 130 (1983). As a participant in the gang fight, he was not free from fault in provoking and continuing the alleged attack; he failed to prove how he was in imminent danger of death or serious bodily harm; and he violated his duty to retreat. *See Commonwealth v. Brown,* 491 Pa. 507, 421 A.2d 660 (1980).

█ With regard to sufficiency, viewing the evidence and all inferences that can reasonably be drawn in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to support the conviction for aggravated assault. The court as factfinder found that the firing of shots into a crowded area at rival gang members constituted an attempt to cause serious bodily injury. *See Commonwealth v. Daniels,* 467 Pa. 35, 354 A.2d 538 (1976).

█ The court sentenced Mosley separately for his convictions for aggravated assault and for recklessly endangering another person. Although these sentences were to run concurrently, the situation presents the question of whether these crimes should have merged for sentencing purposes. As a question of legality of the sentence, we may properly raise and address it although Mosley has not done so. In recent companion cases, our supreme court has reformulated the test for whether crimes should merge for sentencing purposes. Crimes merge only if one crime is a lesser included offense of the other and if both crimes are based upon the same action. *See Commonwealth v. Leon Williams,* 521 Pa. 556, 559 A.2d 25 (1989); *Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989).

■ It has been established that reckless endangerment is a lesser included offense of aggravated assault because the elements of aggravated assault include all the elements of reckless endangerment. *Commonwealth v. Boettcher*, 313 Pa.Super. 194, 459 A.2d 806 (1983); *Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 420 A.2d 674 (1980). Therefore, the charges in question merge for sentencing purposes, even under the new, narrower standard. Since the sentences are to run concurrently, however, we need not remand for resentencing but need only vacate the judgment of sentence for reckless endangerment. *See Commonwealth v. Boettcher, supra.*

Judgment of sentence for recklessly endangering another person is vacated. In all other respects, judgment of sentence is affirmed.