J. S62025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALPHONSO VAUGHN, | : | |
| | : | |
| Appellant | : | No. 2179 MDA 2015 |

Appeal from the Judgment of Sentence November 18, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000391-2013

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 28, 2016**

Appellant, Alphonso Vaughn, appeals from the Judgment of Sentence entered by the Lackawanna County Court of Common Pleas following his conviction by a jury of two counts of Possession of a Controlled Substance With Intent to Deliver ("PWID"), Simple Possession, Possession of Drug Paraphernalia, and Resisting Arrest.[1]  After careful review, we affirm.

The relevant facts, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion filed on April 13, 2016, and the certified record, are as follows.  On February 12, 2013, a confidential informant ("C.I.") working with police purchased three bags of heroin from Appellant in his home at 1201 Capouse Avenue in Scranton.  The police officers then had the C.I. arrange to

---

[1] 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(32); and 18 Pa.C.S. § 5104, respectively.

purchase 50 bags of heroin from Appellant. Appellant scheduled that sale for the next day.

Based on Appellant's February 12 sale to the C.I. and the sale scheduled for the following day, detectives obtained a search warrant for Appellant's room inside 1201 Capouse Avenue. During the execution of the search warrant, Appellant charged at police, who then subdued him with a Taser. One of the detectives then asked Appellant if he had any drugs on him, to which he responded that he had heroin in his pocket. Police recovered 62 bags of heroin and $258 cash from Appellant's person, $10 of which was prerecorded buy money used by the C.I. to purchase heroin from Appellant the previous day.

Appellant was arrested and charged with one count each of PWID, Conspiracy to commit PWID, Simple Possession, Possession of Drug Paraphernalia, and Resisting Arrest. At Appellant's preliminary hearing, although the C.I. did not testify, one of the investigating detectives testified about the entire factual scenario that led up to and included Appellant's arrest.

On June 5, 2013, Appellant filed a pre-trial Motion to compel the disclosure of the identity of the C.I. The trial court denied the Motion, noting that the Commonwealth (1) had not charged Appellant with the February 12, 2013 drug transaction; and (2) was not planning to present the C.I.'s

testimony at trial because she had not been present during the execution of the search warrant on February 13, 2013.

On June 9, 2014, the Commonwealth altered course and filed a Motion to Amend the Information seeking to replace the Conspiracy to Commit PWID charge and instead charge Appellant with one count of PWID in connection with the February 12, 2013 sale to the CI. In the event the trial court denied its Motion to Amend, the Commonwealth also filed a Motion *in Limine* to admit the C.I.'s testimony about the February 12, 2013 drug transaction that formed the basis of the search warrant, pursuant to Pa.R.E. 404(b). The trial court granted both Motions, noting that there was "no difference in the facts . . . in terms of the facts surrounding the search warrant and the information. . . ." N.T., 6/16/14, at 18.

The trial court also granted Appellant a 21-day continuance in order to: (1) allow the Commonwealth to provide Appellant with information about the C.I.'s identity and criminal history; (2) permit Appellant additional time to investigate the C.I.; and (3) provide ample time for Appellant to reevaluate his trial strategy "because it changed the whole strategy of [his] defense." N.T., 6/16/14, at 24-28.

At his jury trial, Appellant represented himself. The C.I. testified on behalf of the Commonwealth. On July 8, 2014, the jury convicted Appellant of all charges. On direct appeal, this Court vacated Appellant's Judgment of Sentence and remanded for a new trial after concluding that Appellant's

Pa.R.Crim.P. 121 waiver colloquy had been deficient. ***Commonwealth v. Vaughn***, No. 1771 MDA 2014 (Pa. Super. filed August 14, 2015).

On October 15, 2015, a second trial proceeded, with Appellant again representing himself. The C.I. again testified. The jury again convicted Appellant of all charges.[2] On November 18, 2015, the trial court imposed an aggregate term of 110 to 300 months' imprisonment. After the trial court appointed counsel at Appellant's request, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Did the trial court err and/or abuse its discretion in allowing the Commonwealth to amend the Criminal Information where the Commonwealth previously denied Appellant access to the identity and/or statements of the confidential information upon the representation to the trial court that Appellant was not charged with delivery of a controlled substance thereby depriving Appellant of adequate time to investigate and prepare a defense and, then, receive a fair trial?

2. Did the trial court err and/or abuse its discretion in allowing the testimony of a confidential informant pursuant to Pa.R.E. 404(b), at the time of trial, where the Commonwealth[] originally deprived Appellant disclosure of the identity and/or statements of the confidential informant[] so that Appellant might adequately prepare[] for trial, thereby depriving Appellant of a fair trial?

Appellant's Brief at 3.

---

[2] Although Appellant alleges he could not use his original defense strategy—that he had had the drugs for personal use rather than to sell to others—Appellant did assert this defense among others during both trials. ***See*** N.T. First Trial, 7/8/14, at 222-23; N.T. Second Trial, 10/15/15, at 21-23, 43.

Appellant first avers that the trial court erred in permitting the Commonwealth to amend the Information prior to trial to charge him with a second PWID offense in connection with the February 12, 2013 drug transaction with the C.I. He contends that he is entitled to a new trial because, as a result of the amendment, he suffered prejudice.

Our rules of criminal procedure allow a trial court to grant a motion to amend a criminal information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. After allowing such an amendment, "the court may grant such postponement of trial or other relief as is necessary in the interests of justice." *Id*.

Our courts have applied amendment rules "with an eye toward [their] underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of procedural rules." *Commonwealth v. Grekis*, 601 A.2d 1284, 1289 (Pa. Super. 1992). This Court has observed that "the purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Mentzer*, 18 A.3d 1200, 1202 (Pa. Super. 2011) (citation and quotation omitted). Thus, our case law "sets forth a broader test for propriety of amendments than the plain language of

the rule suggests. . . ." ***Commonwealth v. Mosley***, 585 A.2d 1057, 1060

(Pa. Super. 1991) (*en banc*) (citation omitted).

> In reviewing a challenge to the propriety of an amendment, this Court:
>
>> will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

***Commonwealth v. Sinclair***, 897 A.2d 1218, 1222 (Pa. Super. 2006)

(citations omitted). Relief is proper only where the amendment prejudices a

defendant. ***Commonwealth v. Veon***, 109 A.3d 754, 768 (Pa. Super.

2015).

> When determining whether an amendment results in prejudice, this

Court considers:

>> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

***Id***. ***See, e.g., Mentzer***, 18 A.3d at 1203 (holding appellant not entitled to

relief where he was not prejudiced by amendment).

> Appellant argues that changing the charge from Conspiracy to PWID to

PWID "on the eve of trial" violated Pa.R.Crim.P. 564 because the PWID

charge "was based on a different set of facts and required the testimony of the [C.I.]." Appellant's Brief at 7. Appellant avers he suffered prejudice by the amendment because: (1) the amendment changed the factual scenario, added new, previously unknown facts, changed the description of the charges, and added a different charge; (2) the amendment required a change in defense strategy; and (3) the timing of the amendment did not provide sufficient notice. *Id*. at 15-19. He asserts that he could not change his defense strategy because he did not have sufficient time to investigate the C.I. Appellant's Brief at 17-18. He further contends that he could not investigate the C.I. before his second trial, more than one year later, because he was incarcerated and without resources to do so.

Appellant relies on **Commonwealth v. Bricker**, 882 A.2d 1008 (Pa. Super. 2005), and **Commonwealth v. DeSumma**, 559 A.2d 521 (Pa. 1989). **Bricker** and **DeSumma** are inapposite.

In **Bricker**, **supra**, the Commonwealth originally charged the defendant with one count of PWID for 0.37 grams of crack cocaine recovered from his person. After the Commonwealth's case-in-chief, the court permitted the Commonwealth to amend the information to increase the amount of crack cocaine charged in the information based on trial testimony about an additional 5.3 grams of the drug that Bricker had allegedly constructively possessed because the additional drugs had been found on the floor near Bricker's co-perpetrator. The jury convicted Bricker. On

appeal, this Court reversed, concluding that it was improper and prejudicial for the court to allow the amendment because: (1) the amendment occurred during the trial **after** the Commonwealth's case-in-chief; (2) the amendment rendered the defendant's **sole** defense of personal use a nullity; and (3) the smaller amount of crack cocaine did not qualify for a mandatory minimum sentence, whereas the 5.3 grams carried a mandatory minimum sentence. **Bricker**, 882 A.2d at 1020-21.

In **DeSumma**, **supra**, the Commonwealth charged the defendant driver with assaulting and endangering a fellow driver during a road rage incident. The Commonwealth did not charge him with assaulting and endangering the four passengers who were riding in the victim's car. After the victim driver failed to appear at trial, and the Commonwealth could only locate one of the passengers to testify, the trial court permitted the Commonwealth to amend the information to add the names of the four passengers as victims of the charged crimes. The jury convicted DeSumma of all charges and this Court affirmed. However, our Supreme Court reversed, concluding that the amendment violated the former version of Pa.R.Crim.P. 524 (Pa.R.Crim.P. 229) because it added previously unanticipated victims and impermissibly charged "an additional or different offense." **DeSumma**, 559 A.2d at 523. The Court also found that the amendment had prejudiced the defendant because it vitiated his justification

and consent defenses at the "eleventh hour." *Id*. *DeSumma* and *Bricker* are factually and legally distinguishable from the instant case.

Here, the Commonwealth's amendment did not occur during Appellant's trial. Rather, the amendment occurred in advance of both of Appellant's trials. As a result, Appellant received a 21-day continuance to prepare for the first trial, and "had approximately 482 days to prepare" for his second trial, which is 100 days longer than "most defendants need to prepare for their entire trials."[3] Trial Court Opinion at 7 (citing Pa.R.Crim.P. 600).

Moreover, unlike *DeSumma* and *Bricker*, Appellant cannot demonstrate that he suffered prejudice as a result of the amendment. The amended PWID charge arose from Appellant's sale of heroin to the C.I. on February 12, 2013. That sale formed the basis for the search warrant that was executed the next day. At Appellant's preliminary hearing, the detective testified as to all of the facts pertaining to that February 12th sale, thus Appellant was fully apprised of those facts. Contrary to Appellant's contention, the amendment of a charge pertaining to that actual sale did not add any additional facts unknown to him. Rather, it involved the "same basic elements and arose out of the same factual situation" as set forth in the original Information. *Sinclair,* 897 A.2d at 1222.

---

[3] Appellant had 60 days to prepare for his second trial after learning of the remand.

In addition, substituting the second PWID charge for Conspiracy to PWID did not render his original defense ineffective. Appellant presented several defenses at his trials, including personal use, the same defense that he alleged he could not use after the Commonwealth amended the information. Thus, contrary to his averment, the addition of the second PWID charge did not result in a change to Appellant's defense strategy that he was unable to utilize at trial.

In his second issue, Appellant "challenges the trial court's decision to allow the admission of testimony from the [C.I.], pursuant to Pa.R.E. 404(b), even if the amendment to the Criminal Information had been denied[,]" because he had not received "reasonable notice" as required by Pa.R.E. 404(b)(3). Appellant's Brief at 25, 28.

Pa.R.E. 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove a person's character. Pa.R.E. 404(b)(1). **See generally Old Chief v. United States**, 519 U.S. 172, 181-82 (1997) (describing the danger of admitting propensity evidence, *i.e.*, evidence of prior, unrelated crimes "other than those charged"); Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 404.15 *et seq*. (2016 ed. LexisNexis Matthew Bender). If the Commonwealth intends to introduce propensity evidence at trial, it must provide "reasonable" notice in advance of trial. Pa.R.E. 404(b)(3).

Appellant's argument fundamentally rests on two hypothetical premises: (1) that the trial court denied the Motion to Amend the information; and (2) that the trial court did not grant Appellant a 21-day continuance for additional time to prepare for trial. However, as discussed above, the trial court **did** properly grant the Motion to Amend, and Appellant **did** receive reasonable notice before trial that the C.I. would be testifying. Thus, contrary to Appellant's contention, the C.I.'s testimony pertained to a charged crime and did not constitute improper Pa.R.E. 404(b) propensity evidence about which he did not receive reasonable notice.

Because each of Appellant's claims lack merit, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016