[J-64-2013][M.O. – Stevens, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 23 EAP 2013 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on 9/11/12 at No. 1336 |
| v. | : | EDA 2010, affirming the judgment of |
| | : | sentence entered on 4/16/10 in the |
| HAROLD WINSTON NOEL, JR., | : | Court of Common Pleas of Philadelphia |
| | : | County, Criminal Division, at Nos. CP- |
| Appellant | : | 51-CR-0011510-2008; CP-51-CR- |
| | : | 0011511-2008 and MC-51-CR- |
| | : | 0033142-2008 |
| | : | |
| | : | ARGUED:  September 11, 2013 |

**DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                                         **DECIDED:  November 21, 2014**

I agree with Mr. Justice Baer's conclusion that the trial court violated Rule of Criminal Procedure 631.  See Concurring Opinion, slip op. at 6.  That being the case, and as Appellant preserved this meritorious claim of trial court error, the appropriate inquiry implicates a harmless error analysis, for which the Commonwealth is obligated to prove, beyond a reasonable doubt, that the error did not contribute to the verdict. See Commonwealth v. Howard, 538 Pa. 86, 100, 645 A.2d 1300, 1307 (1994); see also Commonwealth v. Strong, 575 Pa. 433, 437, 836 A.2d 884, 887 (2003) (applying a harmless error analysis to a violation of a rule of criminal procedure and collecting

cases); <u>Commonwealth v. Morris</u>, 522 Pa. 533, 541, 564 A.2d 1226, 1230 (1989) (holding that a violation of the hearsay rule was harmless).[1]

Accordingly, I do not agree with the proposition of the majority and responsive opinions that Appellant is not entitled to relief because he has failed to establish prejudice. <u>See</u> Majority Opinion, <u>slip op.</u> at 24 ("Because Appellant has not demonstrated that the process deprived him of a fair and impartial jury, neither do we conclude that Appellant suffered actual prejudice."); Concurring Opinion, <u>slip op.</u> at 7 ("I ultimately find myself in a concurring posture in this appeal because Appellant has failed to preserve for appellate review the discrete issue of whether he suffered any actual prejudice . . ..").  Consequently, and as the Commonwealth has not attempted to satisfy its harmless error burden or offer grounds for shifting the evidentiary burden to Appellant, I respectfully dissent.

---

[1] The Court has not consistently applied harmless error constructs when faced with a violation of a criminal rule. <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Brown</u>, 556 Pa. 131, 136, 727 A.2d 541, 544 (1999) (upon finding a violation of the criminal rule governing the amendment of a criminal information, proceeding to examine whether the defendant was prejudiced by that violation).  Absent persuasive policy justifications for undertaking an <u>ad</u> <u>hoc</u> approach based upon the character of the rule violated, which the Commonwealth has not advanced in this case, I see no grounds for deviating from the general rule imposing the burden upon the Commonwealth to prove that preserved meritorious trial court errors are harmless.