*134 Justice SAYLOR,
dissenting.
I agree with Mr. Justice Baer’s conclusion that the trial court violated Rule of Criminal Procedure 631. See Concurring Opinion, at 130-31,104 A.3d at 1175. That being the case, and as Appellant preserved this meritorious claim of trial court error, the appropriate inquiry implicates a harmless error analysis, for which the Commonwealth is obligated to prove, beyond a reasonable doubt, that the error did not contribute to the verdict. See Commonwealth v. Howard, 538 Pa. 86, 100, 645 A.2d 1300, 1307 (1994); see also Commonwealth v. Strong, 575 Pa. 433, 437, 836 A.2d 884, 887 (2003) (applying a harmless error analysis to a violation of a rule of criminal procedure and collecting cases); Commonwealth v. Morris, 522 Pa. 533, 541, 564 A.2d 1226, 1230 (1989) (holding that a violation of the hearsay rule was harmless).[1]
Accordingly, I do not agree with the proposition of the majority and responsive opinions that Appellant is not entitled to relief because he has failed to establish prejudice. See Majority Opinion, at 125, 104 A.3d at 1172 (“Because Appellant has not demonstrated that the process deprived him of a *135 fair and impartial jury, neither do we conclude that Appellant suffered actual prejudice.”); Concurring Opinion, at 131, 104 A.3d at 1176 (“I ultimately find myself in a concurring posture in this appeal because Appellant has failed to preserve for appellate review the discrete issue of whether he suffered any actual prejudice.... ”). Consequently, and as the Commonwealth has not attempted to satisfy its harmless error burden or offer grounds for shifting the evidentiary burden to Appellant, I respectfully dissent.

. The Court has not consistently applied harmless error constructs when faced with a violation of a criminal rule. See, e.g., Commonwealth v. Brown, 556 Pa. 131, 136, 727 A.2d 541, 544 (1999) (upon finding a violation of the criminal rule governing the amendment of a criminal information, proceeding to examine whether the defendant was prejudiced by that violation). Absent persuasive policy justifications for undertaking an ad hoc approach based upon the character of the rule violated, which the Commonwealth has not advanced in this case, I see no grounds for deviating from the general rule imposing the burden upon the Commonwealth to prove that preserved meritorious trial court errors are harmless.