J-A08015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL T. DEGILIO, | |
| Appellant | No. 1422 EDA 2015 |

Appeal from the Judgment of Sentence November 17, 2014
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000232-2010

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED JUNE 29, 2016**

Michael T. Degilio appeals the judgment of sentence of an aggregate term of four to eight years incarceration followed by two years of probation imposed after a jury convicted him of involuntary deviate sexual intercourse ("IDSI"), indecent assault, and indecent exposure.  We affirm.

On February 24, 2009, Appellant sexually assaulted a patient that he was treating for severe depression and anxiety.  The assault occurred during the patient's second appointment with Appellant.  On the previous occasion, Appellant asked the victim sexually suggestive questions.  Although she was perturbed by Appellant's behavior, the victim elected to continue her treatment with Appellant.

_____

* Retired Senior Judge assigned to the Superior Court.

During the second session, Appellant directed the victim to sit beside him on the couch in his therapy room. He kissed the victim, both on the lips, and after pulling down her shirt and bra, upon her right breast. Appellant then stood facing the victim as she remained seated. Appellant lowered his pants, took the victim's right hand, and placed it on his penis. He then drew her head towards his penis, and directed her to perform oral sex. Within an hour of the assault, the victim informed her friend of the incident, and subsequently reported it to the police.

In addition to setting forth the foregoing facts, the victim testified during a jury trial that a few days before her ordeal with Appellant, she received a prescription for Klonopin in connection with her voluntary admission to the Behavioral Health Unit ("BHU") of Gnaden Huetten Memorial Hospital. She stated that she informed Appellant that the medication made her feel confused and "zoned out." N.T. Trial, 5/12/14, at 39, 60-61; Affidavit of Probable Cause, 7/6/09, at unnumbered 1.

The Commonwealth also proffered testimony from Dr. Ilan Levison, a board-certified psychiatrist. He testified that the victim's daily dosage of eight milligrams of Klonopin was excessive and would have caused her to have symptoms of extreme confusion, delirium, fatigue, and gait impairment. N.T. Trial, 5/13/14, at 28, 30, 52. In addition, he explained that, when people suffering from depression take a high dosage of Klonopin, they are extremely vulnerable and susceptible to manipulation by others.

*Id*. at 31-32. The jury convicted Appellant of IDSI, indecent assault, and indecent exposure, and the trial court imposed the above-referenced sentence. This timely appeal followed.

Appellant raises a single contention for our review, "Was the evidence sufficient to support [Appellant's] convictions?" Appellant's brief at 4. He divides his argument into multiple parts. First, Appellant asserts that the evidence does not establish the forcible compulsion element of his convictions for IDSI and indecent assault. As it relates to indecent exposure, he argues that his conduct was not likely to offend, affront, or alarm the victim.

We have previously held that the standard we apply in reviewing the sufficiency of the evidence is

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

- 3 -

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa.Super. 2015) (citation omitted).

IDSI occurs when a person engages in deviate sexual intercourse with another by forcible compulsion. 18 Pa.C.S. § 3123(a)(1). A person is guilty of indecent assault if he has indecent contact or causes a person to have indecent contact with him by forcible compulsion. 18 Pa.C.S. § 3126(a)(2). As Appellant asserts that the Commonwealth failed to establish forcible compulsion in relation to either offense, we address that shared element at the outset.

The Crimes Code defines forcible compulsion as the "use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101. In order to prove the "forcible compulsion" component of IDSI and indecent assault, the Commonwealth is "required to establish beyond a reasonable doubt that appellant used either physical force, a threat of physical force, or psychological coercion, since the mere showing of a lack of consent does not support a conviction[.]" ***Commonwealth v. Brown***, 727 A.2d 541, 544 (Pa. 1999) (citation omitted). Such coercion must "compel a person to engage in sexual intercourse" against her will. ***Commonwealth v. Rhodes***, 510 A.2d 1217, 1226 (Pa. 1986).

The degree of influence required to demonstrate forcible compulsion is based upon the totality of the circumstances. In **Rhodes**, our Supreme Court identified the following factors to be weighed in this determination: 1) the respective ages of the victim and the accused; 2) the respective mental and physical conditions of the victim and the accused; 3) the atmosphere and physical setting in which the incident was alleged to have taken place; 4) the extent to which the accused may have been in a position of authority, domination or custodial control over the victim; and 5) whether the victim was under duress. **Id**.

Appellant's argument is multifaceted. First, he contends that, since he made sexual advances toward the victim during her first appointment, the victim's decision to return for a second session of treatment, and her failure to protest during the assault, establish her consent to the contact. Appellant's brief at 11. He asserts that the victim's consent disproves forcible compulsion. Even absent consent, Appellant continues, the evidence of record does not substantiate a showing of force, but rather, only that Appellant persuaded the victim into engaging in a sexual act. **Id**. at 15.

Our decision in **Commonwealth v. Frank**, 577 A.2d 609 (Pa.Super. 1990) is instructive. In **Frank**, a therapist was found guilty of rape and IDSI by forcible compulsion of an adolescent boy entrusted to his care by his adoptive mother. **Id**. at 612. Throughout the course of treatment, the therapist became increasingly more intimate with the victim, culminating in

- 5 -

anal intercourse. *Id*. In sustaining the convictions, this Court determined that the therapist had used forcible compulsion based on the evidence that he threatened to sabotage the child's adoption or hurt someone close to him if he revealed the encounters. *Id*. at 619. We emphasized the therapist's position of authority over the child. *Id*. Ultimately, the *Frank* court concluded, "While the force used to overcome the will of the victim in this case was to a large extent subtle and psychological, it nonetheless satisfies the element of forcible compulsion[.]" *Id*. at 619 (quoting ***Commonwealth v. Dorman***, 547 A.2d 757, 762 (Pa.Super. 1988)).

Appellant attempts to distinguish the instant case from *Frank* based on the fact that both parties were adults. Appellant's brief at 13. Furthermore, he argues that the victim was more familiar with the therapeutic process than the adolescent in *Frank*, and there was no evidence that Appellant threatened her. *Id*. He insists that his behavior could not have amounted to a threat since, although the victim was aware that it was unusual, it did not impair her freedom of will. *Id*. at 13. Finally, Appellant claims that his status as her putative therapist is insufficient to establish forcible compulsion.[1] *Id*. at 13-14. Appellant's contention that he did not act with forcible compulsion is unpersuasive.

---

[1] Appellant avers he could not have been in a position of authority over the victim because she never signed a consent to treat form, and therefore, no
*(Footnote Continued Next Page)*

- 6 -

Reviewing the evidence in the light most favorable to the Commonwealth, we find that the totality of the circumstances demonstrates beyond a reasonable doubt that Appellant caused the victim to engage in oral sex by psychological coercion. While Appellant and the victim were adults at the time of the occurrence, the victim sought out Appellant for the purposes of psychological treatment for ongoing severe depression and anxiety.

Appellant was aware of the victim's severe depression as well as her use of Klonopin to treat her anxiety. N.T. Trial, 5/12/14, at 54. He had a copy of the victim's medical records, and as a trained psychologist, Appellant was cognizant of the effects this medication may have on a patient. N.T. Trial, 5/13/14, at 106; N.T. Trial, 5/14/14, at 78-80. While alone within the private confines of his therapy room, Appellant exploited the victim's confused and weakened state under the guise that he was "going to help [her]," forced her to perform fellatio, and then inquired whether she felt better. N.T. Trial, 5/12/14, at 75, 81. These mental health conditions, paired with her heavily medicated state, made her susceptible to being

_(Footnote Continued)_ ————————

formal therapist/patient relationship existed. Appellant's brief at 14-15; N.T. Trial, 5/14/14, at 34-35. The evidence adduced at trial indicates that the victim believed Appellant could help her treat her depression and anxiety, and she trusted him to do so. Thus, Appellant was placed in a position of authority.

influenced, especially from an individual ostensibly acting in her interest from a position of authority.

Moreover, during trial the victim confirmed that she did not consent to Appellant's behavior, but rather, allowed him to assault her because she was "confused" and "thought he was helping [her]." *Id*. at 73-75. We agree that the victim's submission to Appellant's demands, in light of the circumstances, did not amount to consent. There is sufficient evidence to prove beyond a reasonable doubt that Appellant used psychological coercion in exploiting the victim's vulnerable state. *See Frank*, *supra* at 619 (evidence of subtle psychological force used to overcome victim's will sufficient to satisfy element of forcible compulsion).

Finally, Appellant maintains that the Commonwealth did not proffer sufficient evidence that his behavior "offend[ed], affront[ed], or alarm[ed]" the victim, a necessary element to find him guilty of indecent exposure. Appellant's brief at 18. We disagree.

Indecent exposure is committed where a "person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront, or alarm." 18 Pa.C.S. § 3127(a).

Here, Appellant exposed his genitals to the victim during the course of a therapeutic session. *Id*. at 76-77. As a professional psychologist, Appellant should have known that this obscene behavior would likely offend,

affront, or alarm the victim. We have no doubt that, when viewed in the light most favorable to the Commonwealth, the evidence established beyond a reasonable doubt that Appellant committed indecent exposure.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016