FINAL REPORT[1]

*Proposed Amendment of Pa.R.Crim.P. 564*

ADDITION OF OFFENSES TO THE CRIMINAL INFORMATION

On December 21, 2016, effective December 21, 2017, upon the recommendation of the Criminal Procedural Rules Committee, the Court approved the amendment of Rule 564 (Amendment of Information) to more accurately reflect the interpretation of this rule that has developed since it first was adopted in 1974.  Rule 564 provides that the court may allow an information to be amended as long as the amended information "does not charge an additional or different offense."  It was suggested by one of the Committee members that case law has interpreted the rule more broadly than a plain reading of the language would indicate.

Rule 564 was adopted as Rule 229 in 1974.  Except for renumbering as part of the general reorganization of the Rules of Criminal Procedure in 2000, the language of the rule has remained virtually unchanged since its initial adoption.  There has been a considerable body of case law interpreting whether amendments that add new offenses are permissible under the rule.  As defined in these cases, the purpose of Rule 564 (or then-Rule 229) is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice to the defendant by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed.  *See, e.g. Commonwealth v. Lawton,* 414 A.2d 658 (Pa. Super. 1979). Courts apply the rule allowing amendment of a defective information with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of the procedural rules. *Commonwealth v. Roser*, 914 A.2d 447 (Pa. Super.  2006), *appeal denied* 927 A.2d 624 (Pa. 2007).  In effecting this purpose, the courts employ the test of whether the crimes specified in the original information involved the same basic

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

elements and evolved out of the same factual situation as the crimes specified in the amended information. If so, the defendant is deemed to have been placed on notice regarding the alleged criminal conduct. However, if the amended provision alleges a different set of events, or the elements or defense to the amended crime are materially different from the elements or defense to the crime originally charged, so that the defendant would be prejudiced by the change, then amendment is not permissible. *Commonwealth v. Page*, 965 A.2d 1212 (Pa. Super. 2009). *See also, Commonwealth v. Beck*, 78 A.3d 656 (Pa. Super 2013). Factors that the trial court must consider in determining whether a defendant was prejudiced by an amendment include: (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation. *Commonwealth v. Sinclair,* 897 A.2d 1218 (Pa. Super. 2006), *citing Commonwealth v. Grekis,* 601 A.2d 1284 (Pa. Super. 1992).

The most recent Pennsylvania Supreme Court case dealing with Rule 564 is *Commonwealth v. Brown,* 727 A.2d 541 (Pa. 1999), which held that, since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, an amendment should be precluded only when the variance between the original and the new charges prejudices a defendant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges. In this case, an amendment of the information changing the charge from one of sexual assault using force to one of sexual assault on an unconscious person was not proper because it prejudiced the defendant due to the differences in potential defenses available.

Based on the foregoing history and analysis, the Committee concluded that the language of the rule did not accurately reflect the correct standards, as developed by the courts, for allowance of amendment of the information. Therefore, the language of the rule has been amended to reflect that a court may allow the information to be

amended provided that the amended information does not "charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge such that the defendant would be unfairly prejudiced" and cross-references to the pertinent case law have been added to the *Comment*.