J-S48013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                        :
          v.                               :
                                        :
SEAN B. JACOBS,                  :
                                        :
            Appellant              :      No. 3300 EDA 2017

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003495-2016

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:              **FILED OCTOBER 02, 2018**

Appellant, Sean B. Jacobs, seeks review of the Judgment of Sentence entered by the Lehigh County Court of Common Pleas after a jury found him guilty of four counts of Promoting Prostitution, two counts of Criminal Use of Communication Facility, and Possession of Drug Paraphernalia.[1]

We glean the following relevant factual and procedural history from the certified record.  On December 14, 2015, an Allentown Police Department police officer at the Wawa on Lehigh Street saw scantily clad women get out of one car and get into a Mercedes Benz driven by Appellant.  The police officer then watched as Appellant drove next door to the Rodeway Inn and returned to the Wawa with two other women, who then got out of his car and into the other car.  Suspecting human trafficking, the police officer alerted the

---

[1] 18 Pa.C.S. §§ 5902(b)(1), (b)(3), (b)(6), and (b)(8); 18 Pa.C.S. § 7512(a); and 35 P.S. § 780-113(a)(32), respectively.

---

\*    Retired Senior Judge assigned to the Superior Court.

Allentown Police Department Vice and Intelligence Unit. On December 15, 2015, Detective Jason Krasley, an expert in the field of prostitution-related activity and investigations, conducted surveillance and an undercover investigation at the Rodeway Inn in Allentown, after which police officers arrested Appellant and three women.[2] At the time of Appellant's arrest, police seized over $2,200 cash from his person, a cell phone, a Mercedes Benz car key, and two pre-paid credit cards. Police officers also seized a cell phone from one of the women.

All three women told police officers on the day of the incident that Appellant transports them all over the country to work as prostitutes and sets them up in hotel rooms at each location. They also stated that Appellant posts ads for them on Backpage.com, and collects all of the money they earn from their "dates." *See* Affidavit of Probable Cause, dated 12/15/15.

The Commonwealth subsequently obtained a search warrant for Appellant's cell phone, which revealed numerous communications pertaining to Appellant's prostitution business, including texts, images, internet searches, and postings he made to Backpage.com.

The Allentown Police Department filed a Criminal Complaint on December 16, 2015, charging Appellant with, *inter alia*, one count of

_____

[2] Detective Krasley, working undercover, responded by text to an advertisement in Backpage.com and agreed to meet with the individual responding to his text at the Rodeway Inn in room 104, where he and a woman negotiated an exchange of sex for money. Officers had seen Appellant go to another room at the Rodeway Inn where they found him with two other women.

Promoting Prostitution, 18 Pa.C.S. § 5902(b)(3) (pertaining to "encouraging, inducing, or otherwise intentionally causing another to become or remain a prostitute"). Appellant posted bail. After numerous continuances, the court held Appellant's preliminary hearing on August 11, 2016, at which Appellant and his counsel failed to appear. On August 26, 2016, the Commonwealth filed a Criminal Information charging Appellant with, *inter alia*, three counts of Promoting Prostitution, 18 Pa.C.S. §§ 5902(b)(1), (6), (8).[3] At Appellant's arraignment on September 22, 2016, the court raised the amount of Appellant's bail. Unable to post bail, Appellant was detained in the Lehigh County jail.

Approximately three weeks later, the Commonwealth filed a Motion to Revoke Bail, alleging that Appellant had been running his prostitution business from the jail's telephones by encouraging one of the women (who had also been arrested on December 15, 2015) to work to raise funds for Appellant's bail. After a hearing, the court revoked Appellant's bail on October 13, 2016, and ordered that his communications be limited only to counsel.[4]

---

[3] 18 Pa.C.S. § 5902(b)(1) ("owning, controlling, managing, supervising or otherwise keeping, alone or in association with others, a house of prostitution or a prostitution business"); § 5902(b)(6) ("transporting a person into or within this commonwealth with intent to promote the engaging in prostitution by that person, or procuring or paying for transportation with that intent"); and § 5902(b)(8) ("soliciting, receiving, or agreeing to receive any benefit for doing or agreeing to do anything forbidden by this subsection").

[4] The court subsequently altered that Order to allow Appellant to communicate with his mother, and vacated the Order altogether on February 14, 2017.

On March 17, 2017, the court scheduled the case for trial on May 1, 2017. On April 3, 2017, the Commonwealth filed an Amended Information adding to the verbiage supporting the three charged prostitution offenses, adding another count of Promoting Prostitution,[5] and adding two counts of Criminal Use of Communication Facility in connection with his use of the Lehigh County jail's telephone to direct his prostitution business. The Commonwealth provided Appellant with a copy of the Amended Criminal Information and the relevant discovery on April 5, 2017.

Appellant retained his fourth attorney on or about April 7, 2017. On April 11, 2017, Appellant's counsel entered his appearance,[6] and filed an omnibus pretrial motion for discovery. Counsel did not object to the filing of the Amended Criminal Information or the addition of the new charges, and did not request a postponement of the trial.

On May 1, 2017, prior to the commencement of trial, there was discussion between the court, counsel, and Appellant regarding plea offers that Appellant had rejected. At the conclusion of those discussions, Appellant entered a not guilty plea to all charges listed in the Amended Criminal Information. The Commonwealth then requested permission to, *inter alia*, amend its April 3, 2017 Amended Information to correct the dates cited in the

---

[5] 18 Pa.C.S. § 5902(b)(8) ("soliciting, receiving, or agreeing to receive any benefit for doing or agreeing to do anything forbidden by this subsection.").

[6] The docket indicates that between the time of his arrest on December 15, 2015, and January 3, 2017, Appellant had three different attorneys. Between January 3, 2017, and April 11, 2017, Appellant was without counsel.

two charges of Criminal Use of Communication Facility. *See* N.T., 5/1/17, at 15 (where the prosecutor states "and there was also one error for entry that the court clerks had indicated on counts 6 and 7, the date."). The court allowed the Commonwealth to change the dates from "on or about the twenty-seventh of September, 2016" and "on or about the third day of October 2016," respectively, to "on or between the 15th day of December 2015 and the first day of March 2017" in both counts of Criminal Use of Communication Facility. N.T., 5/1/17, at 16. Defense counsel did not object.[7] *See id*. at 16-17.

The jury trial proceeded, at which detectives and police officers testified about the initial incident as well as Appellant's activities from the jail. The court admitted the recordings of Appellant's jail telephone calls. Appellant testified in his own defense.

The jury convicted Appellant of four counts of Promoting Prostitution, two counts of Criminal Use of Communication Facility, and Possession of Drug Paraphernalia. The court ordered a presentence investigation.

Appellant subsequently filed several counseled Motions "to Set Aside the Verdict," alleging that the Commonwealth had not properly sought leave to amend the criminal information that was filed on April 3, 2017, and had violated Pa.R.Crim.P. 564 by improperly amending the Criminal Information

---

[7] The court allowed Appellant to speak after it granted the Commonwealth's request to amend the Amended Information and he stated that had he not been remanded at his arraignment, his telephone calls would not have been intercepted, and the Commonwealth would have had to proceed "using the allegations that the females made." N.T. at 16-17.

by adding verbiage to support the prostitution charges and adding charges that were unrelated to the original charged incident. The court dismissed the motions as premature. *See* N.T. Sentencing, 7/20/17, at 6-7.

On July 20, 2017, the court sentenced Appellant to an aggregate term of 16 to 32 years' incarceration. Appellant filed a *pro se* Post-Sentence Motion, again challenging the Commonwealth's filing of the April 3, 2017 Amended Information. The court denied the Motion on September 18, 2017.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925, with the trial court relying on its Opinion denying Appellant's Post-Sentence Motion.

Appellant raises the following two issues for our review:

1. Did the lower court err in accepting the 11th-hour amendments to the bills of information that added four entirely new charges and drastically altered the allegations in three of the five initial charges?

2. Did the lower court have jurisdiction to hear, decide and impose sentence on charges included in an amended information that were not properly presented to an issuing authority?

Appellant's Brief at 2.

Both of Appellant's issues pertain to the Commonwealth's amendment of the Criminal Information. The criminal information "is a formal written statement charging the commission of an offense signed and presented to the court by the attorney for the Commonwealth after a defendant is held for court...." Pa.R.Crim.P. 103. The information apprises the defendant of the

filed charges so he can prepare a defense. ***Commonwealth v. Sinclair***, 897 A.2d 1218, 1223 (Pa. Super. 2006).

Pennsylvania Rule of Criminal Procedure 564 permits the amendment of an information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense."[8] Pa.R.Crim.P. 564. The purpose of this rule is to "ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." ***Commonwealth v. Hoke***, 928 A.2d 300, 303 (Pa. Super. 2007), *vacated on other grounds*, 962 A.2d 664 (Pa. 2009). "[I]f there is no showing of prejudice, amendment of an information to add an additional charge is proper even on the day of trial." ***Commonwealth v. Roser***, 914 A.2d 447, 455 (Pa. Super. 2006) (allowing amendment just prior to closing

---

[8] Effective December 21, 2017, Rule 564 was amended to the following:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. . . .

Pa.R.Crim.P. 564. This amendment was not intended to alter current practice; rather, it was to "more accurately reflect the interpretation of this rule that has developed since it first was adopted in 1974." Pa.R.Crim.P. 564, *Comment* (citations omitted). This rule, originally set forth as Pa.R.Crim.P. 229, was renumbered as 564 in March 2000.

arguments). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of procedural rules." *Commonwealth v. Grekis*, 601 A.2d 1284, 1288 (Pa. Super. 1992). *See also Commonwealth v. Mentzer*, 18 A.3d 1200, 1202 (Pa. Super. 2011) (same).

Relief is necessary only when the amendment prejudices the defendant. *Roser*, 914 A.2d at 454. To evaluate prejudice, courts consider whether the amendment changes the factual scenario; whether new facts, previously unknown to the appellant, were added; whether the description of the charges changed; whether the amendment necessitated a change in defense strategy; and whether the timing of the request for the amendment allowed for ample notice and preparation by appellant. *Commonwealth v. Bricker*, 882 A.2d 1008, 1019 (Pa. Super. 2005).

Thus, "[a]n amendment which violates Rule [564] will not necessarily be deemed fatal." *Commonwealth v. Brown*, 727 A.2d 541, 543 (Pa. 1999). *See, e.g., Commonwealth v. DeSumma*, 559 A.2d 521, 523 (Pa. 1989) (concluding that prejudice is "obvious" where the defense of justification, which could have been raised before the amendment, was no longer a viable defense after the amendment). *Compare Commonwealth v. Holcomb*, 498 A.2d 833, 848 (Pa. 1985) (OAJC) (finding that there was no prejudice where the defense strategy applicable to the charge in the information was still applicable to the variance of the charge contained in the jury instructions).

Initially, we note that the trial court concluded that Appellant waived his challenge to the Commonwealth's filing of the Amended Criminal Information because he "did not object to the amendment of the Criminal Information at any time during the criminal proceeding." Trial Ct. Op., dated 9/18/17, at 11. Appellant avers, in response to the Commonwealth's contention that the issue is waived, that "the Commonwealth strategically waited to amend the information until Mr. Jacobs was uncounseled." Appellant's Reply Brief at 1.[9]

We agree that Appellant waived his challenge to the Amended Criminal Information by failing to challenge the amendment until after the jury rendered its verdict.[10] Appellant hired his fourth attorney on April 7, 2017, four days after the Commonwealth filed its Amended Criminal Information. Neither Appellant nor counsel objected to the April 3, 2017 amendments. Further, on the morning of trial on May 1, 2017, after discussions of plea offers that the Commonwealth extended on all counts of the Amended Criminal Information, Appellant entered his not guilty plea to all counts. Again,

_____

[9] Appellant also asserts, for the first time, that his Sixth Amendment right to counsel was violated because the court did not assign new counsel after his third attorney was allowed to withdraw in January 2017. This issue is waived. **See** Pa.R.A.P. 302 (issues not raised before the trial court are waived for appellate review).

[10] **See United States v. Olano**, 507 U.S. 725, 731 (1993) (acknowledging that "a constitutional right or a right of any other sort may be forfeited in criminal … cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it").

Appellant did not challenge the Amended Criminal Information. It was not until after the jury rendered its verdict that Appellant challenged the timing and additional charges of the April 3, 2017 Amended Criminal Information. We conclude Appellant waived his issues by failing to raise them timely.[11]

We, thus, affirm the Judgment of Sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/18

---

[11] Even if not waived, we would conclude Appellant's challenge to the Amended Criminal Information warrants no relief because Appellant suffered no prejudice. Appellant was aware of the factual scenario underlying the new charges in October 2016, when he attended the hearing on the Commonwealth's Motion for an Order limiting his communication because of his use of the jail telephone to encourage prostitution to acquire funds for his bail. Thus, Appellant was "fully apprised" of the facts underlying the new charges. **Sinclair**, 897 A.2d at 1222-23. Further, Appellant does not contend that the addition of the new charges necessitated a change in defense strategy requiring more time to prepare. **See Brown**, 727 A.2d at 543 (concluding prejudice results if new charges render defenses to original charges ineffective). In fact, Appellant told the court on the day of trial that he "wanted to begin trial today." N.T., 5/1/17, at 19. Accordingly, even if Appellant properly preserved his challenge, we would conclude Appellant did not suffer the sort of prejudice that would necessitate a vacatur of his Judgment of Sentence.