J-S81001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN TYRONE BAXTER | |
| Appellant | No. 1339 MDA 2018 |

Appeal from the PCRA Order Entered July 23, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos: CP-22-CR-0000913-2014
CP-22-CR-0005089-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN TYRONE BAXTER | |
| Appellant | No. 1340 MDA 2018 |

Appeal from the PCRA Order Entered July 23, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos: CP-22-CR-0005089-2014

BEFORE:  STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 04, 2019**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Justin Tyrone Baxter, appeals from the July 23, 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The record reflects that the victims, Joseph Payne-Casiano and Michael Gelsinger, were in a car together when Gelsinger reached out of the passenger side window and fired three gunshots at Appellant. Appellant returned fire at the car, missing both Payne-Casiano and Gelsinger but killing a bystander. The Commonwealth arrested Appellant and charged him with, *inter alia*, aggravated assault of Gelsinger.[1] The Commonwealth's criminal complaint did not contain a charge for the aggravated assault of Payne-Casiano, who was seated next to Gelsinger in the vehicle. Two weeks before trial, the Commonwealth filed its information, in which it included a charge for the aggravated assault of Payne-Casiano. The jury found Appellant guilty of aggravated assault of Payne-Casiano but failed to reach a verdict as to the aggravated assault of Gelsinger. On March 24, 2015, the trial court imposed an aggregate 9 ½ to 19 years of incarceration for aggravated assault and related offenses. This Court affirmed the judgment of sentence on August 26, 2016. Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court. He filed this timely first PCRA petition on March 23, 2017.

---

[1] Gelsinger and Payne-Casiano stood charges for the homicide of the bystander victim.

The PCRA court conducted a hearing on June 1, 2018, and the PCRA court entered the order on appeal on July 23, 2018.  This timely appeal followed.

Appellant raises three issues for our review:

  I.   Whether Appellant's Due Process rights were violated and trial counsel was ineffective for proceeding to trial when the Commonwealth amended the criminal information to include count 1 at docket 5089 CR 2014 when Appellant was never charged by way of criminal complaint or by grand jury indictment [includes failing to object to the justification jury instruction because it did not mention Joseph Payne-Casiano]?

  II.  Whether trial counsel was ineffective for failing to perfect a direct appeal?

  III. Whether trial counsel was ineffective for failing to call witnesses that could have provided mitigating testimony to be considered during sentencing?

Appellant's Brief at 8 (brackets in original).

"In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009).  In order to establish that trial counsel rendered constitutionally ineffective assistance, a PCRA petitioner must plead and prove 1) that the underlying claim is of arguable merit; 2) that counsel had no reasonable strategic basis in support of the disputed action or inaction; and 3) that but for counsel's error, the outcome of the proceeding would have been different.  *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779

(Pa. Super. 2015) (*en banc*). We presume counsel was effective; the petitioner bears the burden of proving otherwise. ***Id.***

Here, Appellant claims counsel was ineffective for failing to object when the Commonwealth's information charged him with the aggravated assault of Payne-Casiano and Gelsinger even though the criminal complaint only referenced a charge against the latter. That is, the Commonwealth filed a criminal complaint at docket number 5089 of 2014 charging one count of aggravated assault against Gelsinger. On December 24, 2014, the Commonwealth filed its information at number 5089 alleging two counts of aggravated assault—one against Gelsinger and another against Payne-Casiano. Appellant argues the Commonwealth proceeded in error because the complaint contained no charge for the assault of Payne-Casiano, and because the December 24, 2014 information—which was the original and not an amended information—contained a charge not referenced in the complaint. Appellant further alleges that his counsel was ineffective for failing to object.

Although we are considering an original information at variance with the criminal complaint rather than an amended information, both parties analyze this case under Rule 564 of the Rules of Criminal Procedure:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. A violation of Rule 564 does not necessarily merit relief to the defendant. ***Commonwealth v. Brown***, 727 A.2d 541, 543 (Pa. 1999).

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, relief is warranted for a violation of Rule 229[2] only when the variance between the original and the new charges prejudices appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

***Id.*** (citations omitted). Appellant acknowledges that no relief is due unless the Commonwealth's erroneous procedure prejudiced him. Appellant's Brief at 23. Appellant claims he was prejudiced because the information added a felony charge against a different victim two weeks prior to trial. The PCRA court rejected that argument:

> In the instant matter, [Appellant] had a preliminary hearing where the Commonwealth presented evidence that [Appellant] fired into a car wherein both Mr. Payne-Casiano and Mr. Gelsinger were sitting next to each other. As such, [Appellant's] defense and trial strategy would not change regardless of which of the victims was named in the complaint. Furthermore, [Appellant] was on notice at his preliminary hearing that the Commonwealth was alleging that he fired into a car in which two separate people were sitting. The fact that the criminal complaint only named one of those people does not mean that [Appellant] suffered unfair surprise when the Commonwealth amended the information to include the second person that was sitting in the vehicle that [Appellant] shot at.

PCRA Court Opinion, 7/17/18, at 4.

The PCRA court's analysis is in accord with the governing law. In adding a charge of aggravated assault of Payne-Casiano, the Commonwealth did not

---

[2] The Rule has since been renumbered.

charge Appellant with an offense arising out of a different set of events, nor was the new charge materially different from the one alleged in the complaint. The information simply added a count of aggravated assault against a victim who was sitting in a car alongside Gelsinger when Appellant opened fire into that car. Appellant does not explain how any defense or defenses he prepared for the charge of assaulting Gelsinger was rendered ineffective by adding a count for the assault of Payne-Casiano. Appellant argues that trial counsel's inability to prepare a defense for the Payne-Casiano charge is evidenced by the jury's guilty verdict on that charge and by counsel's failure to object to the trial court's jury charge on justification, which apparently applied only to Gelsinger. Appellant's Brief at 24. The difference in the jury's verdicts on the aggravated assault charges—guilty as to Payne-Casiano but not guilty as to Gelsinger—is a matter of speculation. We observe, however, that it was Gelsiger, and not Payne-Casiano—who opened fire on Appellant. In any event, Appellant offers no concrete basis upon which we can conclude that the verdicts were the result of counsel's inability to prepare a defense. Regarding a potential justification defense to the Payne-Casiano charge, Appellant fails to develop the issue with citation to pertinent legal authority and facts of record. We therefore cannot consider it as a basis for granting relief.[3] In

---

[3] Failure to develop an argument with citation to pertinent facts and legal authorities results in waiver. Pa.R.A.P. 2119(b), (c); **Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa. Super. 2014), **appeal denied**, 95 A.3d

summary, Appellant's first claim of ineffective assistance of counsel fails because Appellant has not established the arguable merit of the underlying claim.

Next, Appellant claims counsel was ineffective for failing to file a Pa.R.A.P. 2119(f)[4] statement in support of his challenge to the discretionary aspects of his appeal. Because Appellant omitted the Rule 2119(f) statement in his direct appeal brief and the Commonwealth objected, this Court held that Appellant waived his challenge to the discretionary aspects of his sentence. **Commonwealth v. Baxter**, 1752 MDA 2015 (Pa. Super. August 26, 2016), unpublished memorandum at 4-5. This Court also held that Appellant's argument would have failed even if preserved. **Id.** at 5 n.5. Appellant was challenging the trial court's imposition of consecutive sentences, an issue that does not raise a substantial question for discretionary review except in

---

275 (Pa. 2014); **Commonwealth v. Truong**, 36 A.3d 592, 598-99 (Pa. Super. 2012), **appeal denied**, 57 A.3d 70 (Pa. 2012).

[4] That Rule provides:

> **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

extreme circumstances.  *Id.* (citing *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013)).

This Court's pronouncement on the merits of Appellant's sentencing issue was *dicta*, and therefore not binding on this panel.  "Dicta is an 'opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision.  Dicta has no precedential value.'"  *Castellani v. Scranton Times, L.P.*, 124 A.3d 1229, 1243 n.11 (Pa. 2015) (quoting *Valley Twp. V. City of Coatesville*, 894 A.2d 885, 889 (Pa. Commw. 2006)).

Nonetheless, we conclude the prior panel's conclusion was correct.  The *Austin* Court explained, "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."  *Austin*, 66 A.3d at 808 (quoting *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*)).  The question is whether the aggregate sentence appears to be excessive in light of the criminal conduct at issue.  *Id.*

Instantly, as noted above, Appellant received an aggregate 9½ to 19 years of incarceration.  The sentencing court imposed 6 to 12 years for the aggravated assault of Payne-Casiano; a concurrent sentence of 1 to 2 years of incarceration for persons not to possess a firearm (18 Pa.C.S.A. § 6105); a consecutive sentence of 3 ½ to 7 years for carrying a firearm without a license

(18 Pa.C.S.A. § 6106); and a concurrent 1 to 2 years of incarceration for the simple assault of Gelsinger.[5]

Appellant limits his argument to counsel's failure to file a 2119(f) statement. Appellant's Brief at 25-28. He does not attempt to explain how he would have raised a substantial question even if counsel complied with 2119(f). We agree with our prior panel's assessment that Appellant's aggregate sentence is not extreme in relation to the crimes he committed. Appellant cannot establish that sentencing counsel was ineffective because the underlying issue lacks arguable merit.

Finally, Appellant claims counsel was ineffective for failing to present mitigating witnesses at sentencing. At the PCRA hearing, Appellant presented the testimony of two relatives. The PCRA court wrote as follows:

> After hearing the testimony of Patricia Allen and Jamieka Ross, we do not believe that their testimony would have been beneficial to [Appellant]. Both witnesses are related to [Appellant] and stated that they loved him very much, so their testimony was biased in favor of [Appellant]. Additionally, neither witness offered any testimony that was particularly compelling so as to change this court's mind as to [Appellant's] sentence.

PCRA Court Opinion, 7/17/18, at 5. Given the PCRA court's analysis—that the witnesses were biased and had no significant evidence to offer— it is clear

---

[5] The charges other than aggravated assault were filed at docket number 913 of 2014. We have consolidated the appeals from docket numbers 913 and 5089 of 2014.

- 9 -

that counsel's failure to call these witnesses at sentencing did not prejudice Appellant. For that reason, his ineffective assistance claim fails.

Because we have found no merit to any of Appellant's arguments, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/04/2019